# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2994

_____

United States of America,          *
                                   *
      Plaintiff - Appellee,       *   Appeal from the United States
                                   *   District Court for the
   v.                               *   District of Minnesota.
                                   *
Alphonso Prince,                   *   [UNPUBLISHED]
                                   *
      Defendant - Appellant.      *

_____

Submitted: May 13, 2009
Filed: May 19, 2009 **(Corrected 5/26/09)**

_____

Before LOKEN, Chief Judge, BYE, Circuit Judge, and MILLER, District Judge.[1]

_____

PER CURIAM.

In 1993, Alphonso Prince was convicted by a jury of one count of conspiracy to possess with intent to distribute cocaine base, commonly known as "crack," in violation of 21 U.S.C. § 846, two counts of aiding and abetting possession with intent to distribute crack in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2, two counts of aiding and abetting the use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 2 and 924(c)(1), and one count of being

_____

[1]The Honorable Brian Stacy Miller, United States District Judge for the Eastern District of Arkansas, sitting by designation.

a felon in possession of a firearm in violation of 18 U.S.C. § 922 (g)(1). At sentencing, the district court[2] found Prince's Guidelines range to be 262 to 327 months, and sentenced him to 322 months imprisonment.

In 1996, Prince moved to correct or vacate his sentence pursuant to 18 U.S.C. § 2255, arguing his weapons convictions were invalid based on Bailey v. United States, 516 U.S. 136 (1995). The court granted his motion and vacated the two counts of aiding and abetting the use of a firearm in relation to a drug trafficking crime. When resentencing Prince on the remaining counts, the court granted the government's request that, under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1), Prince's offense level be increased by two levels as a result of his possession of a dangerous weapon. This resulted in an adjusted Guidelines range of 324 to 405 months. The court again sentenced Prince to 322 months imprisonment.

In 2008, Prince moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 706 to the Guidelines, which reduced the base offense level for crack offenses by two levels. He also sought an evidentiary hearing and a full resentencing, specifically challenging the attributable drug amounts, the enhancement imposed for possession of a firearm during a drug offense, the enhancement imposed for obstruction of justice, his criminal history score, and the application of the 18 U.S.C. § 3553(a) factors.

The district court calculated an amended Guideline range of 262 to 327 months, and resentenced Prince to 260 months imprisonment. The district court thus implicitly denied Prince's request for an evidentiary hearing and to conduct a full resentencing.

---

[2]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Prince appeals, arguing that the district court had authority to reduce his sentence below the amended Guidelines range and erred by not doing so. His argument, however, is foreclosed by United States v. Starks, 551 F.3d 839 (8th Cir. 2009), in which we held a resentencing court does not have the authority to reduce a defendant's sentence to a term below the amended Guidelines range. Id. at 843. The district court thus did not err in refusing to consider a further reduction in Prince's sentence.

Moreover, as noted in Starks, "proceedings under § 3582(c) 'do not constitute a full resentencing of the defendant.'" Id. at 842 (citing U.S. Sentencing Guidelines Manual (U.S.S.G.) § 1B1.10(a)(3)). The district court may only consider the Guidelines amendment at issue and "shall leave all other [G]uideline applications decisions unaffected." U.S.S.G. § 1B1.10(b)(1). As such, the district court did not err by rejecting Prince's request for an evidentiary hearing or a full resentencing.

For these reasons, the judgment of the district court is affirmed.[3]

_____

_____

[3]We note the district court resentenced Prince to 260 months imprisonment, two months below the low-end of his amended Guidelines range of 262 to 327 months. This was permissible under U.S.S.G. § 1B1.10(b)(2)(B), which provides:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

Because Prince's sentence prior to moving for a sentencing reduction under 18 U.S.C. § 3582(c) was two months below the low-end of his then-applicable Guidelines range, the district court had the authority to resentence him to a term of imprisonment two months below the applicable amended Guidelines range. In addition, we note, the government did not appeal or cross-appeal Prince's sentence. Cf. Greenlaw v. United States, 128 S. Ct. 2559, 2566 (2008).