# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3444

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Tremayne McFadden, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 4, 2009
Filed: August 14, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Tremayne McFadden appeals the district court's[1] order denying his post-judgment motion for a sentence reduction. In 2006 McFadden pleaded guilty to a drug offense and, at his sentencing hearing in 2007, the district court calculated an advisory Guidelines imprisonment range of 108-135 months. The court sentenced McFadden to 72 months in prison. McFadden did not appeal. In 2008 he moved to reduce his sentence under 18 U.S.C. § 3582(c)(2), based on Guidelines amendments that retroactively reduced base-offense-level calculations for crack cocaine offenses.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

The district court agreed that the amendments lowered McFadden's Guidelines range to 87-108 months, but the court chose not to reduce the 72-month sentence.

We conclude the district court did not abuse its discretion in denying McFadden's motion. See United States v. Whiting, 522 F.3d 845, 852 (8th Cir. 2008) (district court has discretionary authority under § 3582(c)(2) and U.S.S.G. § 1B1.10 to reduce sentence based on subsequently lowered Guidelines range). The court calculated the amended Guidelines range and determined that the original 72-month prison term--which was below the amended range--was an appropriate sentence. See id. at 852-53 (when exercising its discretion, district court must calculate amended range, determine what sentence it would have imposed had new range been in effect at original sentencing, and decide whether or not to modify sentence previously imposed). Because McFadden's original sentence was below his then-applicable Guidelines range, the district court had authority to resentence him to a term comparably lower than the amended Guidelines range, but the court was not obligated to do so. See 18 U.S.C. § 3582(c)(2) (court "may reduce" prison term); U.S.S.G. § 1B1.10(b)(2)(B) (comparable reduction "may be appropriate"). McFadden's other arguments do not provide grounds for reversal. See United States v. Melvin, 556 F.3d 1190, 1193 (11th Cir.) (proceeding under § 3582(c)(2) is not full resentencing hearing), cert. denied, 129 S. Ct. 2382 (2009); United States v. Prince, No. 08-2994, 2009 WL 1383683, at *1 (8th Cir. 2009) (unpublished per curiam) (same); United States v. Hasan, 245 F.3d 682, 685-90 (8th Cir. 2001) (post-sentencing conduct is irrelevant to district court's determination, in § 3582(c) proceedings, of what sentence it would have imposed at original sentencing).

Accordingly, we grant counsel's motion to withdraw and we affirm the judgment of the district court.

_____