# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2590

_____

United States of America,      *
     *
     Appellee,      *
     *
     *    Appeal from the United States
     v.      *    District Court for the
     *    District of Nebraska.
Marvin T. Starks,      *
     *
     Appellant.      *

_____

Submitted: December 11, 2008
Filed: January 13, 2009

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and GOLDBERG, Judge.[1]

_____

COLLOTON, Circuit Judge.

Marvin Starks was convicted in 2004 of distribution of cocaine base, commonly known as "crack cocaine," in violation of 21 U.S.C. § 841(a)(1). The district court,[2] applying the mandatory sentencing guidelines in effect prior to *United States v. Booker*, 543 U.S. 220 (2005), sentenced Starks to a term of 151 months'

---

[1]The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

[2]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

imprisonment. This sentence represented the bottom of the guideline range of 151 to 188 months that corresponded to a total offense level of 29 and a criminal history category VI under the guidelines.[3]

In February 2008, Starks requested a reduction in his sentence based on 18 U.S.C. § 3582(c) and Amendment 706 to the sentencing guidelines. The amendment revised the drug quantity table set forth at USSG § 2D1.1, and reduced by two levels the base offense level applicable to the quantity of cocaine base for which Starks was accountable. Amendment 706, as modified by Amendment 711, became effective on November 1, 2007, and it was made retroactive by Amendment 713.[4] Starks also sought a hearing to present evidence in support of a further reduction in his sentence based on 18 U.S.C. § 3553(a).

The district court determined that under the retroactive amendment, the amended guideline range for Starks was 130 to 162 months' imprisonment, and the court resentenced Starks to 130 months for distribution of crack cocaine. The court stated that it had "given the defendant the maximum reduction allowed under the retroactive amendments to the 'crack' Guidelines," but would "not give him more" and would "not engage in a complete resentencing." R. Doc. 60 (citing *United States v. Perez*, No. 05-3010, 2008 WL 2309497 (D. Neb. June 4, 2008)). The court further stated that "[e]ven if I had the discretion to do more (which I do not), I would impose the same sentence as expressed in this order because of the defendant's extensive criminal record." *Id.*

---

[3]The court also sentenced Starks to a consecutive term of 60 months' imprisonment for a violation of 18 U.S.C. § 924(c). That aspect of the original sentence is not at issue in this appeal.

[4]Effective May 1, 2008, Amendment 715 further modified Amendment 706, and was made retroactive by Amendment 716. This amendment addressed the determination of offense levels in cases involving cocaine base and one or more other controlled substances.

On appeal, Starks argues that the district court erred in concluding that it lacked discretion to reduce his sentence to a term below the amended guideline range. Agreeing with the recent decisions of the Tenth Circuit in *United States v. Rhodes*, 549 F.3d 833 (10th Cir. 2008), and the Fourth Circuit in *United States v. Dunphy*, No. 08-6919, 2009 WL 19139 (4th Cir. Jan. 5, 2009), we affirm.

Section 3582(c) of Title 18 provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement applicable to sentence reductions based on retroactive amendments by the Sentencing Commission is USSG § 1B1.10. That statement authorizes a reduction in sentence based on Amendment 706. It further provides, however, that in the case of a defendant who was sentenced under the mandatory sentencing guidelines prior to *Booker* and within the applicable guideline range, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range," USSG § 1B1.10(b)(2)(A), *i.e.*, the guideline range that would have been applicable to the defendant if the amendment to the guideline had been in effect at the time the defendant was sentenced. *Id.* § 1B1.10(b)(1).

In *United States v. Hasan*, 245 F.3d 682 (8th Cir. 2001) (en banc), this court held that § 3582(c) calls for a two-step determination by a district court. First, the "court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing." *Id.* at 684-85 (internal quotation omitted). Second, the court must "decide whether to give the defendant the benefit of that particular reduced sentence," considering "the facts before it at the time of resentencing, in light of the factors set forth in 18 U.S.C. § 3553(a), to the extent

-3-

they are applicable." *Id.* at 685. This court in *Hasan* explained that under the clear language of § 3582(c), "[t]he factors set forth in § 3553(a) and the applicable policy statements are to be considered only when making the decision whether to reduce a term of imprisonment as a result of the Sentencing Commission's lowering of the range." *Id.* The court concluded that § 3582(c) did not authorize a district court to reduce the term of imprisonment below the amended sentencing guideline range or to consider the § 3553(a) factors or the applicable policy statements for such an additional reduction. *Id.*

Starks argues that *Hasan* has been abrogated by *Booker* and the Supreme Court's declaration that the sentencing guidelines are effectively advisory. Although § 3582(c) limits the district court's authority by requiring that a reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission," Starks contends that the court is not constrained to follow the limitations of USSG § 1B1.10, because that policy statement, like all of the guidelines, is merely advisory.

We reject Starks's contention, because "there are clear and significant differences between original sentencing proceedings and sentence modification proceedings." *Rhodes*, 549 F.3d at 840. *Booker* involved an original sentencing proceeding governed by 18 U.S.C. § 3553. In that context, the Supreme Court concluded application of the mandatory sentencing guidelines violated the Sixth Amendment in situations where judge-found facts increased the punishment authorized by the facts established by a plea of guilty or a jury verdict. As a remedy, the Court opted to eliminate certain provisions of the Sentencing Reform Act, on the view that this remedial approach was most compatible with congressional intent as embodied in the Act. The Court thus excised § 3553(b)(1) and § 3742(e), with the consequence that "[s]o modified, the federal sentencing statute makes the Guidelines effectively advisory." *Booker*, 543 U.S. at 245 (internal citation omitted). After *Booker*, the statute "requires a sentencing court to consider Guidelines ranges, but it

permits the court to tailor the sentence in light of other statutory concerns as well." *Id*. (internal citations omitted).

Sentence reductions based on retroactive guideline amendments are governed by a different provision, 18 U.S.C. § 3582(c). This section was not excised, or even mentioned, in *Booker*. The Court emphasized in *Booker* that "[m]ost of the [federal sentencing] statute is perfectly valid," and that the Court "must refrain from invalidating more of the statute than is necessary." 543 U.S. at 258 (internal quotation omitted).

In § 3582(c), Congress sought to limit the authority of a district court to modify a term of imprisonment. The statute requires that any reduction based on an amended guideline be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This limitation poses no constitutional concerns of the sort at issue in *Booker*: "Given the narrow scope of sentence modification proceedings, there is no concern that a district court in such a proceeding will make factual findings that in turn will raise a defendant's sentence beyond the level justified by 'the facts established by a plea of guilty or a jury verdict.'" *Rhodes*, 549 F.3d at 840 (quoting *Booker*, 543 U.S. at 244). We do not infer that the Court in *Booker* invalidated Congress's limitation on a district court's authority to reduce sentences under § 3582(c). The section is "(1) constitutionally valid, (2) capable of functioning independently, and (3) consistent with Congress' basic objectives in enacting the statute." *Booker*, 543 U.S. at 258-59 (internal quotations and citations omitted). Although the guidelines must be treated as advisory in an original sentencing proceeding, neither the Sixth Amendment nor *Booker* prevents Congress from incorporating a guideline provision as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c). We therefore disagree with the Ninth Circuit in *United States v. Hicks*, 472 F.3d 1167, 1168 (9th Cir. 2007), and concur with the Tenth Circuit that *Hicks* "failed to consider that . . . sentence modification proceedings have a different statutory basis than original sentencing

proceedings." *Rhodes*, 549 F.3d at 841; *see also Dunphy*, 2009 WL 19139, at \*6 ("We find the *Hicks* analysis to be flawed because it fails to consider two marked characteristics of a § 3582(c)(2) proceeding . . . : (1) this proceeding allows only for downward adjustment and (2) this proceeding is not a full resentencing hearing.").

As applied to this case, § 3582(c) authorized the district court to reduce Starks's sentence in accordance with the amendments to the drug quantity table for crack cocaine, so long as the reduction was "consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement, set forth at USSG § 1B1.10, permitted the district court to determine the amended guideline range that would have applied to Starks if Amendment 706 had been in effect when Starks was sentenced. USSG § 1B1.10(b)(1), (c). The policy statement further authorized the court to reduce Starks's sentence to a term within the amended range, after considering the factors set forth in 18 U.S.C. § 3553(a). *See* USSG § 1B1.10(a)(1). The policy statement, however, also specifies that proceedings under § 3582(c) "do not constitute a full resentencing of the defendant," *id*. § 1B1.10(a)(3), and includes a statement of "[l]imitations and [p]rohibition on [e]xtent of [r]eduction," which directs that the court must not reduce the sentence of a defendant who was originally sentenced within the applicable guideline range to "a term that is less than the minimum of the amended guideline range." *Id*. § 1B1.10(b)(2)(A). This limitation is constitutional and enforceable. Accordingly, the district court correctly determined that it lacked authority to reduce Starks's sentence to term of less than 130 months' imprisonment. It was not error for the court to refuse to consider a further reduction based on § 3553(a) or to hold an evidentiary hearing for that purpose.

For these reasons, the judgment of the district court is affirmed.

_____