[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 11, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14378
Non-Argument Calendar

_____

D. C. Docket No. 97-00251-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARRY LEON ARDLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(February 11, 2009)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Barry Leon Ardley, a federal prisoner convicted of crack cocaine offenses,

appeals the district court's reduction of his sentences under Amendment 706

and 18 U.S.C. § 3582(c)(2). Ardley contends that the district court erroneously failed to apply United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), at his resentencing.

We review de novo a district court's conclusions about the scope of its authority to reduce a sentence under 18 U.S.C. § 3582(c)(2). United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008).

In this case, Ardley's original offense level was 38 and his criminal history category was I, giving him a guidelines range of 235 to 293 months. He was sentenced to 293 months. After Amendment 706 became retroactive, Ardley's offense level dropped to 36 and his guidelines range became 188 to 235 months. In resentencing Ardley under § 3582(c)(2), the district court noted that "[i]mposing a similar high-end sentence under the revised guidelines would result in a sentence of 235 months." Without elaboration the district court then stated its intention to resentence Ardley to 235 months. Ardley objected because he wanted a sentence below the amended guidelines range, and he argued that under Booker the court had the authority to give him such a sentence. Ardley asked the district court to apply Booker, or at least to clarify whether it believed that Booker applied and if not, to state why not. The district court did not respond to that request, but instead entered its order sentencing Ardley to 235 months. Therefore, it is not entirely

2

clear whether the district court believed that it <u>could</u> use <u>Booker</u> to deviate below the amended guidelines range and simply declined to, or whether the district court believed that <u>Booker</u> was entirely inapplicable to resentencings under § 3582(c)(2). Ardley asks us to presume that the district court believed that <u>Booker</u> was inapplicable.

Ardley argues only that the district court erred in failing to apply <u>Booker</u> at his § 3582(c) resentencing. Recently this circuit joined the Eighth, Fourth, and Tenth Circuits in holding that <u>Booker</u> does not apply at resentencing proceedings under § 3582(c)(2). <u>United States v. Melvin</u>, __ F.3d __, No. 08-13497 (Feb. 3, 2009); <u>see also</u> <u>United States v. Starks</u>, __ F.3d __, No. 08-2590, 2009 WL 66115 (8th Cir. Jan. 13, 2009); <u>United States v. Dunphy</u>, __ F.3d __, No. 08-6919, 2009 WL 19139 (4th Cir. Jan. 5, 2009); <u>United States v. Rhodes</u>, 549 F.3d 833 (10th Cir. 2008). There was no error at the resentencing.

**AFFIRMED.**