[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13753
Non-Argument Calendar

_____

D. C. Docket No. 95-00184-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORDAN ROBERTS,
a.k.a. Lavonne Lewis,
a.k.a. Nathan Lavonne Mazyck,
a.k.a. Ot,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 19, 2009)

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Jordan Roberts, a federal prisoner convicted of a crack cocaine offense, appeals the district court's reduction of his sentence under Amendment 706 and 18 U.S.C. § 3582(c)(2). Roberts contends that the district erred when it refused to apply United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), and Kimbrough v. United States, __ U.S. __, 128 S. Ct. 558 (2007), at his resentencing.

In 1996 Roberts was convicted of possession of cocaine with intent to distribute under 21 U.S.C. § 841(a)(1)(A). The district court determined that his offense level was 41 and his criminal history category was III, giving Roberts a sentencing guidelines range of 360 months to life imprisonment. He was sentenced to 360 months. After Amendment 706 became retroactive in 2008, Roberts' offense level dropped to 39 and his guidelines range became 324 to 405 months. Acting under § 3582(c)(2), the district court resentenced Roberts to 324 months, the bottom of his amended guidelines range.

Roberts, seeking a further reduction in his sentence, argues that the district court erred in failing to apply Booker and Kimbrough at his § 3582(c) resentencing. Recently we held that Booker and Kimbrough do not apply at resentencing proceedings under § 3582(c)(2). United States v. Melvin, __ F.3d __, 2009 WL 236053, at *1, No. 08-13497 (11th Cir. Feb. 3, 2009); see also United States v. Starks, 551 F.3d 839 (8th Cir. 2009) ; United States v. Rhodes, 549 F.3d

833 (10th Cir. 2008); United States v. Dunphy, 551 F.3d 247 (4th Cir. 2009).

Because the district court sentenced Roberts to the bottom of his amended guidelines range, under Melvin and the applicable policy statement of the Sentencing Commission, it had no discretion to reduce his sentence any further. U.S.S.G. § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guidelines range. . ."); Melvin, 2009 WL 236053, at *5. There was no error at the resentencing.

**AFFIRMED.**