# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3206

_____

United States of America,     *
                                       *

         Plaintiff - Appellee,     *

                                       *   Appeal from the United States
     v.                              *   District Court for the
                                       *   District of Nebraska.

Adrian L. Hudson,          *

                                       *   [UNPUBLISHED]

         Defendant - Appellant.    *

_____

Submitted: April 16, 2009
Filed:  April 27, 2009

_____

Before MURPHY,  BRIGHT, and BYE, Circuit Judges.

_____

PER CURIAM.

     In 2006, Adrian Hudson pleaded guilty to possession with intent to distribute more than five grams but less than twenty grams of cocaine base, commonly known as "crack cocaine," in violation of 21 U.S.C. § 841.  At sentencing, the district court[1] found Hudson's advisory Guidelines range to be 92 to 115 months, and sentenced him to 92 months imprisonment.

_____

     [1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

In 2008, Hudson moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 706 to the Guidelines, which reduced the base offense level for crack offenses by two levels. He also sought an evidentiary hearing to present evidence in support of a reduction in his sentence by more than two levels.

The district court calculated an amended Guideline range of 77 to 96 months, and resentenced Hudson to 77 months imprisonment. The court also denied Hudson's request for an evidentiary hearing, stating "[w]ithout determining whether the court has the authority to conduct a full resentencing, the court determines that a sentence within the guidelines is appropriate and the court is not inclined to further reduce the defendant's sentence."

Hudson appeals, arguing that the district court had authority to reduce his sentence below the amended Guidelines range and erred by not doing so. His argument, however, is foreclosed by United States v. Starks, 551 F.3d 839 (8th Cir. 2009), in which we held a resentencing court does not have the authority to reduce a defendant's sentence to a term below the amended Guidelines range. Id. at 843. The district court thus did not err in refusing to consider a further reduction in Hudson's sentence.

For these reasons, the judgment of the district court is affirmed.

BYE, Circuit Judge, with whom BRIGHT, Circuit Judge, joins, concurring.

As I noted in my concurrence in the judgment in United States v. Harris, No. 08-2774, slip op. at 4 (Feb. 26, 2009) (Bye, J., concurring in the judgment), I disagree with the Starks court, and would hold a resentencing court has authority to reduce a defendant's sentence to a term below the amended Guidelines range.

That said, even if the resentencing court had the authority to reduce Hudson's sentence below the amended Guidelines range, it is unlikely the court would have. As the district court stated:

> The court agrees that the defendant is entitled to a two-level reduction in his sentence and will enter a separate Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) containing the new sentence. However, the court disagrees that the defendant is entitled to a further reduction. Without determining whether the court has the authority to conduct a full resentencing, the court determines that a sentence within the guidelines is appropriate and the court is not inclined to further reduce the defendant's sentence.

Clerk's R. at 53.

_____