# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3162

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Victor C. Harris, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 17, 2009
Filed: April 30, 2009

_____

Before LOKEN, Chief Judge, HANSEN and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In 2006, Victor C. Harris was convicted of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, commonly known as "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, the district court[1] found that Harris was responsible for at least 500 grams and less than 1.5 kilograms of cocaine base, calculated an advisory guideline range of 292 to 365 months' imprisonment, and sentenced Harris to 292 months' imprisonment. In May

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

2008, Harris moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) and Amendments 706 and 711 to the sentencing guidelines, which were declared retroactive by the Sentencing Commission. Amendment 706, as modified by Amendment 711, changed the drug quantity table set forth at USSG § 2D1.1 to reduce the base offense level for offenses involving cocaine base by two levels. Harris also sought a hearing to present evidence and argument in support of a further reduction in his sentence, based on reconsideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).

The district court granted Harris's motion in part, calculating an amended guideline range of 235 to 293 months' imprisonment and resentencing Harris to 235 months' imprisonment. The court denied Harris's request for an evidentiary hearing, stating that it agreed with the government that the court did not have authority to conduct a full resentencing or to reduce Harris's sentence below the amended guideline range.

Harris appeals, arguing that the district court erred in concluding that it did not have authority to reduce his sentence below the amended guideline range, because after *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are merely advisory. Harris's argument is foreclosed by our decision in *United States v. Starks*, 551 F.3d 839 (8th Cir. 2009), *petition for cert. filed* (U.S. Apr. 13, 2009) (No. 08-9839). In *Starks*, we held that *Booker* did not invalidate the requirement of § 3582(c) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," and that this limitation posed no constitutional concerns under the Sixth Amendment. *See Starks*, 551 F.3d at 842-43. Therefore, the limitations in the applicable policy statement, USSG § 1B1.10, on a district court's authority to reduce a sentence in a proceeding under § 3582(c) are "constitutional and enforceable." *Id.* at 843.

Like the defendant in *Starks*, Harris was initially sentenced within the guideline range. The policy statement provides that the district court could not reduce his sentence to "a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). Accordingly, the district court correctly determined that it lacked authority to reduce Harris's sentence to a term of less than 235 months' imprisonment. The court did not err in refusing to consider a further reduction based on § 3553(a) or to hold an evidentiary hearing for that purpose.

The judgment of the district court is affirmed.

_____