# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2979

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Michael Reed Rodgers, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: April 17, 2009
Filed: April 30, 2009

———————

Before LOKEN, Chief Judge, HANSEN and COLLOTON, Circuit Judges.

———————

PER CURIAM.

In 1993, Michael Reed Rodgers was convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine and cocaine base, commonly known as "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, the district court[1] found that Rodgers was responsible for at least 500 grams and less than 1.5 kilograms of cocaine base, calculated a guideline range of 360 months to life imprisonment under the then-mandatory guidelines, and sentenced

———————————

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

Rodgers to 360 months' imprisonment.[2] In June 2008, Rodgers moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 706 to the sentencing guidelines, which was declared retroactive by the Sentencing Commission. Amendment 706, as modified by Amendment 711, changed the drug quantity table set forth at USSG § 2D1.1 to reduce the base offense level for offenses involving cocaine base by two levels.

The district court granted Rodgers's motion, calculating an amended guideline range of 324 to 405 months under the retroactive amendment and resentencing Rodgers to 324 months' imprisonment. Rodgers filed a motion for reconsideration, requesting that the court consider a further reduction in his sentence below the amended guideline range, and arguing that the court had authority to do so because the sentencing guidelines are merely advisory after *United States v. Booker*, 543 U.S. 220 (2005). The district court denied Rodgers's motion, concluding that "*Booker* does not apply to criminal convictions that became final before that decision was announced."

Rodgers appeals, arguing that the district court erred in concluding that it did not have authority to reduce his sentence below the amended guideline range. Rodgers's argument is foreclosed by our decision in *United States v. Starks*, 551 F.3d 839 (8th Cir. 2009), *petition for cert. filed* (U.S. Apr. 13, 2009) (No. 08-9839). In *Starks*, we held that *Booker* did not invalidate the requirement of § 3582(c) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," and that this limitation posed no constitutional concerns under the Sixth Amendment. *See Starks*, 551 F.3d at 842-43. Therefore, the limitations in the applicable policy statement, USSG § 1B1.10, on a district court's

---

[2]The district court also sentenced Rodgers to a concurrent 240-month sentence for a conviction under 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), and a consecutive 60-month sentence for a conviction under 18 U.S.C. § 924(c). Those aspects of the original sentence are not at issue in this appeal.

authority to reduce a sentence in a proceeding under § 3582(c) are "constitutional and enforceable." *Id.* at 843.

Like the defendant in *Starks*, Rodgers was initially sentenced within the guideline range. The policy statement provides that the district court could not reduce his sentence to "a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). Accordingly, the district court correctly determined that it lacked authority to reduce Rodgers's sentence to a term of less than 324 months' imprisonment. The court did not err in refusing to consider a further reduction based on § 3553(a).

The judgment of the district court is affirmed.

_____