# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3028

_____

United States of America,          *
          *
      Plaintiff - Appellee,    *
          *   Appeal from the United States
  v.                *   District Court for the
          *   District of Minnesota.
Paul W. Moore, II, also known as  *
Antoine Petroye Roberts,     *   [UNPUBLISHED]
          *
      Defendant - Appellant.  *

_____

Submitted: May 11, 2009
Filed: May 18, 2009

_____

Before LOKEN, Chief Judge, BYE, Circuit Judge, and MILLER, District Judge.[1]

_____

PER CURIAM.

In 1996, Paul Moore was convicted by a jury of conspiracy to possess with intent to distribute cocaine and cocaine base, commonly known as "crack," in violation of 21 U.S.C. § 846, aiding and abetting possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2, possession with intent to distribute crack in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), and being a felon in possession of a firearm in violation of 18 U.S.C.

_____

[1]The Honorable Brian Stacy Miller, United States District Judge for the Eastern District of Arkansas, sitting by designation.

§ 922(g)(1). At sentencing, the district court[2] found Moore's Guidelines range to be 262 to 327 months, and sentenced him to 262 months imprisonment.

In 2008, Moore moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 706 to the Guidelines, which reduced the base offense level for crack offenses by two levels. He also sought to reduce his sentence by more than two levels based on the factors set forth in 18 U.S.C. § 3553(a) and alleged errors in his original sentencing, specifically the application of a firearm enhancement and the calculation of his criminal history points.

The district court calculated an amended Guidelines range of 210 to 262 months, and resentenced Moore to 210 months imprisonment. The court denied Moore's request to further reduce his sentence, stating "the Court finds no legal or factual basis to grant Moore's request for a resentencing hearing or for imposing a sentence below the newly applicable guidelines range of 210 to 262 months."

Moore appeals, arguing that the district court had authority to reduce his sentence below the amended Guidelines range and erred by not doing so. His argument, however, is foreclosed by United States v. Starks, 551 F.3d 839 (8th Cir. 2009), in which we held a resentencing court does not have the authority to reduce a defendant's sentence to a term below the amended Guidelines range. Id. at 843. The district court thus did not err in refusing to consider a further reduction in Moore's sentence.

Additionally, as noted in Starks, "proceedings under § 3582(c) 'do not constitute a full resentencing of the defendant.'" Id. at 842 (citing U.S. Sentencing Guidelines Manual (U.S.S.G.) § 1B1.10(a)(3)). The district court may only consider the

---

[2]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Guidelines amendment at issue and "shall leave all other [G]uideline applications decisions unaffected." U.S.S.G. § 1B1.10(b)(1). As such, the district court did not err by rejecting Moore's arguments regarding the alleged errors in his original sentencing.

      For these reasons, the judgment of the district court is affirmed.

_____