# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 09-1202

_____

United States of America,      *

          *

        Plaintiff – Appellee,    *

          *    Appeal from the United States

    v.                 *    District Court for the

          *    District of Nebraska.

Schuyler Jamison Tafoya, also known   *

as Tyron Huges, also known as Tyrone   *    [UNPUBLISHED]

Huges, also known as Fats, also known   *

as Tyrone Hughes,          *

          *

        Defendant – Appellant.   *

_____

Submitted: June 8, 2009
Filed: June 12, 2009

_____

Before MURPHY, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

      In 2002 Schuyler Jamison Tafoya pled guilty to conspiracy to distribute and possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & 846, and was sentenced to 240 months. In January 2008 Tafoya moved for a reduction in his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on the retroactive amendment to the sentencing guideline for cocaine base

offenses. The district court[1] reduced Tafoya's sentence to 188 months but considered itself prohibited from further reducing Tafoya's sentence by U.S.S.G. § 1B1.10. Tafoya appeals, and we affirm.

At the 2002 sentencing, the district court found that Tafoya was responsible for at least 500 grams but less than 1.5 kilograms of cocaine base. His base offense level was enhanced for possession of a firearm and an aggravating role in the offense, and reduced for acceptance of responsibility. The resulting guideline range was 292–365 months, and the district court departed downward approximately 18% to impose a sentence of 240 months.

In 2007 the United States Sentencing Commission revised the guideline for crack offenders to reduce the base offense level applicable for each quantity of cocaine base by two levels. U.S.S.G. app. C, amend. 706 (2008). The Sentencing Commission made that amendment retroactive, which enables defendants who were sentenced under the previous cocaine base guideline to seek a modification of their sentences under 18 U.S.C. § 3582(c)(2).

On Tafoya's motion to modify his sentence, the district court reduced his base offense level accordingly and calculated an amended guideline range of 235–293 months. It then applied the same 18% downward adjustment as earlier to reach a revised sentence of 188 months,[2] but declined to make a further adjustment based on the sentencing factors set forth in 18 U.S.C. § 3553(a), as Tafoya requested. This is

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

[2]The government notes that the district court erred in Tafoya's favor when calculating the 18% reduction because the result should have been 193 months. The government decided not to appeal, however, because the U.S. Bureau of Prisons indicated that the error would have a de minimis effect on the actual amount of time that Tafoya would serve.

consistent with the policy statement at U.S.S.G. § 1B1.10, which the district court must consider when modifying a sentence under § 3582(c)(2).

Section 1B1.10 explains that the district court should recalculate the guideline range by substituting the amended guideline and then determine whether a modified sentence is appropriate based on the § 3553(a) factors. The district court may not sentence a defendant to a modified term "less than the minimum of the amended guideline range" except to impose a reduction comparable to one imposed at the original sentencing. U.S.S.G. § 1B1.10(b)(2)(A)–(B).

Tafoya contends that the district court violated United States v. Booker, 543 U.S. 220 (2005), by treating § 1B1.10 as mandatory and that it should have conducted a full resentencing at which it would consider the § 3553(a) factors. Tafoya's argument is foreclosed by our decision in United States v. Starks, 551 F.3d 839 (8th Cir. 2009), cert. denied, 2009 WL 1043901(U.S. June 1, 2009) (No. 08-9839), that 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10 remain binding despite Booker. Therefore, the district court did not err in refusing to consider a further reduction in Tafoya's sentence.

The amended judgment is affirmed.

_____