# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1095

_____

| | |
|---|---|
| United States of America, | * |
| | * |
|        Plaintiff – Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the Northern |
| | *   District of Iowa. |
| Eddie Louis Denton, | * |
| | *   [UNPUBLISHED] |
|        Defendant – Appellant. | * |
| | * |

_____

Submitted: June 8, 2009
Filed: June 12, 2009

_____

Before MURPHY, ARNOLD, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In 2003 Eddie Denton was sentenced to life in prison based on his conviction for conspiracy to distribute cocaine base, cocaine, and marijuana, and conspiracy to distribute cocaine base within 1000 feet of a protected location. After the United States Sentencing Commission made retroactive its amendment to the sentencing guideline for crack cocaine, the United States District Court for the Northern District of Iowa notified Denton that it intended to reduce his sentence to 324 months pursuant

to 18 U.S.C. § 3582(c)(2). The district court[1] stated that United States v. Booker, 543 U.S. 220 (2005), did not apply to proceedings under § 3582(c)(2), so a full resentencing would not be conducted. Denton appeals, and we affirm.

Denton was a retired police officer convicted by a jury for his participation in a drug distribution ring in Waterloo, Iowa. The district court found him responsible for at least 1.5 kilograms of crack cocaine, resulting in a base offense level of 39, which was subsequently enhanced for possession of a firearm and for testifying falsely at trial. U.S.S.G. §§ 2D1.1, 3B1.2(a). The guideline range was life imprisonment, which the district court imposed along with a ten year term of supervised release.

In 2007 the United States Sentencing Commission revised the guideline for crack offenders to reduce the base offense level applicable for the quantity of cocaine base by two levels. U.S.S.G. app. C, amend. 706 (2008). The Sentencing Commission made that amendment retroactive, which enables defendants who were sentenced under the previous cocaine base guideline to seek a modification of their sentences under 18 U.S.C. § 3582(c)(2).

In November 2007, the district court issued a preliminary order regarding Denton's modified sentence. Denton's amended guideline range was 342–405 months, and the district court stated its intent to impose a modified sentence of 342 months, which is the "maximum reduction permitted under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10." Denton did not object to the preliminary order within the twenty days provided, and again failed to do so after the court granted his motion for enlargement of time to respond. In a second motion for an enlargement of time, Denton argued that the policy statement at U.S.S.G. § 1B1.10, applicable in proceedings under § 3582(c), was rendered advisory by Booker, and therefore did not

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

prevent the district court from departing below the revised guideline range. The district court denied the motion and entered a final order imposing the modified sentence of 324 months.

Denton contends that the district court plainly erred by concluding that Booker does not apply to sentence modification proceedings under § 3582(c)(2).[2] Denton's argument is foreclosed by our decision in United States v. Starks, 551 F.3d 839 (8th Cir. 2009), cert. denied, 2009 WL 1043901(U.S. June 1, 2009) (No. 08-9839), that 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10 remain binding despite Booker. The district court did not err in refusing to conduct a full resentencing when it modified Denton's sentence.

The amended judgment is affirmed.

_____

[2]Denton filed a pro se motion to withdraw the appellate brief submitted by his counsel, and we granted him permission to file a supplemental brief. His arguments in that brief are similar to his counsel's and otherwise without merit. He also contends that he was denied an opportunity to consult with counsel to prepare objections to the preliminary resentencing order. Because Denton received the greatest possible reduction in his sentence permitted by U.S.S.G. § 1B1.10, he was not harmed by the lack of counsel during the proceedings below. Cf. United States v. Harris, No. 09-1155, at 2–3 (8th Cir. June 12, 2009) (no right to counsel during § 3582(c) proceedings).