# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3401

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Jorge Aronja-Inda, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 11, 2009
Filed: June 25, 2009

_____

Before RILEY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In 2003, Jorge Aronja-Inda pled guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of cocaine base, commonly known as "crack cocaine," 500 grams or more of cocaine, and 500 grams or more of methamphetamine, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, the district court[1] found that Aronja-Inda was responsible for 1.5 kilograms or more of cocaine base, calculated a guideline range of 324 to 405 months' imprisonment

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

under the then-mandatory sentencing guidelines, and sentenced Aronja-Inda to 324 months' imprisonment. In March 2008, Aronja-Inda moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c), based on Amendment 706 to the sentencing guidelines, which was declared retroactive by the Sentencing Commission. Amendment 706, as modified by Amendment 711, changed the drug quantity table set forth at USSG § 2D1.1 to reduce the base offense level for offenses involving cocaine base by two levels. Aronja-Inda also sought a hearing to present evidence and argument in support of a further reduction in his sentence, based on reconsideration of the sentencing factors set forth in 18 U.S.C. § 3553(a).

The district court held a hearing on Aronja-Inda's motion and granted it in part. The court calculated an amended guideline range of 262 to 327 months' imprisonment, and resentenced Aronja-Inda to 262 months' imprisonment. Although the court stated that it had authority to "open up a hearing such as this for resentencing, considering all of the statutory factors," it declined to do so, explaining that it would not consider "a deviation from the new guideline range" because of "interests of consistency" with other sentence reduction proceedings.

Aronja-Inda appeals, arguing that the district court erred in failing to consider a sentence below the amended guideline range, because after *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are merely advisory. Aronja-Inda's argument is foreclosed by our decision in *United States v. Starks*, 551 F.3d 839 (8th Cir. 2009), *cert. denied*, No. 08-9839, 2009 WL 1043901 (U.S. June 1, 2009). In *Starks*, we held that *Booker* did not invalidate the requirement of § 3582(c) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," and that this limitation poses no constitutional concerns under the Sixth Amendment. *See Starks*, 551 F.3d at 842-43. Therefore, the limitations in the applicable policy statement, USSG § 1B1.10, on a district court's authority to reduce a sentence in a proceeding under § 3582(c) are "constitutional and enforceable." *Starks*, 551 F.3d at 843.

Like the defendant in *Starks*, Aronja-Inda was initially sentenced within the guideline range. The policy statement provides that the district court could not reduce his sentence to "a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). Accordingly, the district court lacked authority to reduce Aronja-Inda's sentence to a term of less than 262 months' imprisonment, and to the extent the district court believed otherwise, it was mistaken. The court thus did not err in refusing to consider a further reduction based on § 3553(a).

The judgment of the district court is affirmed.

_____