# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2667

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Samuel Donell Murphy, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 9, 2009
Filed: August 14, 2009

_____

Before WOLLMAN, BRIGHT, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In 2002, Samuel Murphy was convicted of conspiracy to distribute five kilograms or more of cocaine, and fifty grams or more of cocaine base, commonly known as "crack cocaine," in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). At sentencing, the district court found that Murphy was responsible for at least 150 grams and less than 500 grams of cocaine base. The court calculated the then-mandatory guideline range of 168 to 210 months' imprisonment and sentenced Murphy to 168 months' imprisonment. In 2008, Murphy filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 706 to the sentencing guidelines, which was declared retroactive by the Sentencing Commission. Amendment 706, as

modified by Amendment 711, changed the drug quantity table set forth at USSG § 2D1.1, reducing by two levels the base offense levels for offenses involving cocaine base. Murphy urged the court to sentence him below the bottom of the amended guideline range based on an analysis of the factors set forth in 18 U.S.C. § 3553(a).

The district court[1] granted Murphy's motion in part. The court calculated an amended guideline range of 135 to 168 months' imprisonment under the retroactive amendment, and resentenced Murphy to 135 months' imprisonment. The court denied Murphy's request for a reduction below the bottom of the amended guideline range. The court concluded that even if *United States v. Booker*, 543 U.S. 220 (2005), applied to sentence modifications under § 3582(c)(2), a sentence of 135 months' imprisonment was "sufficient but not greater than necessary to comply with the factors listed in 18 U.S.C. § 3553(a)."

Murphy appeals. He argues that the district court had authority to reduce his sentence below the amended guideline range, because the sentencing guidelines are effectively advisory after *Booker*. Therefore, he contends, the court erred by failing to resentence him in accordance with § 3553(a) and the remedial opinion in *Booker*.

Murphy's argument is foreclosed by our decision in *United States v. Starks*, 551 F.3d 839 (8th Cir.), *cert. denied*, 129 S. Ct. 2746 (2009). In *Starks*, we held that *Booker* did not invalidate the requirement of § 3582(c) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," and that the limitations in the applicable policy statement, USSG § 1B1.10, on a district court's authority to reduce a sentence in a proceeding under § 3582(c) are "constitutional and enforceable." *Starks*, 551 F.3d at 842-43; *see also United States v. Murphy*, No. 09-1164, slip op. (8th Cir. Aug. 3, 2009).

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

Like the defendant in *Starks*, Murphy was initially sentenced within the guideline range. The policy statement provides that the district court could not reduce his sentence to "a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). Accordingly, the district court lacked authority to reduce Murphy's sentence to a term of less than 135 months' imprisonment. The court did not err in refusing to consider a further reduction based on § 3553(a).

The judgment of the district court is affirmed.

_____