# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2135

_____

United States of America,

        Appellee,

v.

Ashley Nehemiah Scaife,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: October 19, 2009
Filed: October 26, 2009

_____

Before WOLLMAN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

In 2003, Ashley Scaife received a sentence of 188 months after pleading guilty to conspiracy to possess and distribute more than fifty grams of cocaine base (commonly known as "crack") in violation of 21 U.S.C. §§ 841(a)(1) and 846. On March 11, 2009, Scaife brought a motion under 18 U.S.C. § 3582(c) for a reduction in his sentence pursuant to a guidelines amendment (Amendment 706) which reduced the advisory base offense level for crack offenses by two levels. He also asked the district court[1] to conduct a full resentencing in order to weigh all the factors set forth

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

in 18 U.S.C. § 3553(a) in support of a greater sentence reduction. The district court calculated an amended advisory guidelines range of 151-188 months and resentenced Scaife to 151 months, rejecting his request for a full resentencing.

Scaife appeals, arguing the district court had authority to conduct a full resentencing and erred by not doing so. He acknowledges his argument is foreclosed by United States v. Starks, 551 F.3d 839, 843 (8th Cir. 2009) (concluding district courts do not have authority, in resentencing proceedings resulting from the crack cocaine amendments, to conduct full resentencings or grant reductions beyond the two-level decrease authorized by the Sentencing Commission), but brings this appeal in order to preserve the issue for further review.

In light of Starks, we affirm the judgment of the district court.

_____