# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2256

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Southern District of Iowa. |
| Agron M. Simpson, also known as | * |
| Mitch, | * [UNPUBLISHED] |
| | * |
| Appellant. | * |

_____

Submitted: November 20, 2009
Filed: November 25, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Agron Simpson appeals following the district court's[1] grant of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based upon the 2008 Guidelines amendments retroactively reducing base offense levels for certain offenses involving cocaine base. The court reduced Simpson's sentence from 235 months in prison to 188 months in prison, the bottom of the amended Guidelines range. Simpson argues that the court should have imposed a lower sentence based on the 18 U.S.C. § 3553(a)

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

sentencing factors, that his section 3582(c)(2) hearing was inadequate, and that the court erred in applying a 2-level enhancement--which had been applied in his original sentencing--for possessing a firearm during his offense.

We conclude that the district court lacked authority to sentence Simpson below the applicable amended Guidelines range. See United States v. Starks, 551 F.3d 839, 843 (8th Cir.) (where defendant was originally sentenced within applicable Guidelines range and in § 3582(c)(2) proceeding received sentence at bottom of amended Guidelines range, defendant was not entitled to further reduction based on § 3553(a) factors; district court may not reduce sentence below bottom of amended Guidelines range unless defendant was originally sentenced below original Guidelines range), cert. denied, 129 S. Ct. 2746 (2009). We also reject Simpson's challenges to the adequacy of his section 3582(c) hearing, see id (district court not required to hold hearing in § 3582(c)(2) proceeding), and to the application of the firearm enhancement, see U.S.S.G. § 1B1.10 (policy statement) ("The authorization of such a discretionary reduction [under § 3582(c)] does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right.").

Accordingly, we affirm. In addition, counsel's motion to withdraw is granted.
_____