# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2270

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Michael D. Whitelaw, | * | **[UNPUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 11, 2010
Filed: January 25, 2010

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

In 1995, a jury found Michael D. Whitelaw guilty of distributing crack cocaine and carrying a firearm in relation to a drug trafficking offense. The district court sentenced Whitelaw to the statutory maximum of 240 months on the drug offense and a consecutive 60 months on the firearm offense. After the Sentencing Commission reduced by two levels the offense level applicable to crack cocaine offenses in Amendments 706, 711, and 713 to the Guidelines, Whitelaw moved for modification of his sentence under 18 U.S.C. § 3582(c)(2). The district court[1] granted a two-level

_____

[1] The HONORABLE ORTRIE D. SMITH, United States District Judge for the Western District of Missouri.

reduction, resulting in an amended guidelines range of 235-240 months on the drug offense. The court re-sentenced Whitelaw to 235 months on that offense and a consecutive 60 months on the firearm offense. In denying Whitelaw's motion to reconsider the new sentence, the court noted that it lacked "the authority to impose a sentence below the amended guideline range."

Whitelaw appeals, arguing that the district court erred when it considered the Guidelines mandatory in applying § 3582(c)(2) and the policy statements in U.S.S.G. § 1B1.10. This argument is foreclosed by our decision in United States v. Starks, 551 F.3d 839, 842 (8th Cir.), cert. denied, 129 S. Ct. 2746 (2009), that "neither the Sixth Amendment nor [United States v. Booker, 543 U.S. 220 (2005),] prevents Congress from incorporating a guideline provision as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." The district court correctly applied 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10(b)(2)(A) as construed in Starks, which is binding on our panel. We reject Whitelaw's contention that Spears v. United States, 129 S. Ct. 840 (2009) -- a decision that did not mention § 3582(c)(2) -- permits us to revisit the decision of another panel in Starks.[2] Accordingly, we must affirm.

_____

_____

[2] We note that nearly every other circuit agrees with our decision in Starks. See, e.g., United States v. Dillon, 572 F.3d 146, 148-50 (3d Cir.), cert. granted, --- S. Ct. ----, 2009 WL 2899562 (Dec. 7, 2009).