# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2296

_____

United States of America,

        Appellee,

v.

Steven W. Brown,

        Appellant.

*
*
*
*
* Appeal from the United States
* District Court for the
* Western District of Missouri.
*
* [PUBLISHED]
*

_____

Submitted: January 11, 2010
Filed: May 12, 2010

_____

Before SMITH and COLLOTON, Circuit Judges, and KORNMANN,[1] District Judge.

_____

PER CURIAM.

Steven W. Brown appeals following the district court's[2] grant of his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and the 2008 Guidelines amendments, which retroactively reduce base offense levels for particular offenses involving cocaine base. The district court reduced Brown's offense level by two levels, yielding a modified Guidelines range of 324 to 405 months' imprisonment, and

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

sentenced Brown to the bottom of the modified Guidelines range. Brown argues that the district court erroneously applied the Guidelines as mandatory in resentencing him pursuant to § 3582(c)(2). We affirm.

## I. *Background*

A jury convicted Brown of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 ("Count 1"), and possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) ("Count 2").

The presentence investigation report calculated Brown's base offense level as 34 based on his responsibility for 150 to 500 grams of cocaine base. After a four-level increase was applied for being a leader or organizer, Brown's total offense level became 38. Brown had 16 criminal history points, resulting in a criminal history category of VI. His Guidelines range was 360 months' to life imprisonment.

The district court sentenced Brown to 360 months' imprisonment—the bottom of the Guidelines range—on Counts 1 and 2, to run concurrently, followed by a five-year term of supervised release on each count to be served concurrently. The statutory mandatory minimum for Count 1 was 120 months' imprisonment.

Subsequently, Brown filed a motion, pursuant to § 3582(c)(2) and Amendments 706 and 711 to the Guidelines, seeking a reduction in his sentence. The district court granted Brown's motion and reduced his offense level by two levels, yielding a modified Guidelines range of 324 to 405 months' imprisonment. The district court sentenced Brown to 324 months' imprisonment, the bottom of the modified Guidelines range.

Brown then filed a motion for reconsideration of the order reducing his sentence, requesting that the court sentence him below the modified Guidelines range to 120 months' imprisonment, the statutory mandatory minimum for Count 1. The

government opposed the motion, citing *United States v. Starks*, 551 F.3d 839 (8th Cir. 2009). The district court denied the motion, finding that, pursuant to *Starks*, it "lack[ed] the authority to impose a sentence below the amended [G]uideline[s] range."

## II. *Discussion*

Brown argues that the district court erroneously applied the Guidelines as mandatory when resentencing him pursuant to § 3582(c)(2). Brown acknowledges our precedent that the holding in *United States v. Booker*, 543 U.S. 220 (2005), does not apply to resentencing proceedings under § 3582(c)(2). However, he asks this panel to revisit this holding in light of *Spears v. United States*, 129 S. Ct. 840 (2009).

We have, on several occasions, reaffirmed our holding that in § 3582(c)(2) proceedings, a district court lacks authority to reduce a defendant's sentence below the amended Guidelines range and that such proceedings do not constitute a full resentencing of the defendant. *United States v. Hall*, No. 09-1043, 2009 WL 4062876, at *1 n.2 (8th Cir. Nov. 25, 2009) (unpublished per curiam); *see also United States v. Mull*, No. 09-2703, 2010 WL 521003, at *1 (8th Cir. Feb. 16, 2010) (unpublished per curiam) ("These arguments are foreclosed by our decision in *United States v. Starks*, 551 F.3d 839, 842 (8th Cir.), *cert. denied*, 129 S. Ct. 2746 (2009), that 'neither the Sixth Amendment nor [*United States v. Booker*, 543 U.S. 220 (2005),] prevents Congress from incorporating a guideline provision as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c).' [The defendant] argues that *Starks* was incorrectly decided, but as a panel we may not reconsider it."); *United States v. Lucas*, No. 09-1684, 2010 WL 251671, at *1 (8th Cir. Jan. 25, 2010) (unpublished per curiam) ("The district court correctly applied 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10(b)(2)(A) as construed in *Starks*, which is binding on our panel. We reject [the defendant's] contention that *Spears v. United States*, 129 S. Ct. 840 (2009)—a decision that did not mention § 3582(c)(2)—permits us to revisit the decision of another panel in *Starks*."); *United States v. Abdullah*, No. 09-2178, 2010 WL 199639, at *1 (8th Cir. Jan. 22, 2010) (unpublished per curiam) ("Section

3582(c)(2) and guideline § 1B1.10(b)(2)(A) limit a district court's authority to reduce sentences following the retroactive reduction of a guidelines sentencing range. In *Starks*, we held that those limitations remain constitutional and enforceable. 551 F.3d at 843. Accordingly, the district court lacked authority to sentence [the defendant] below the guidelines range.").

"We are bound by circuit precedent to affirm the district court's decision in this case." *Hall*, 2009 WL 4062876, at *1 (citing *United States v. Betcher*, 534 F.3d 820, 823–24 (8th Cir. 2008)).

### III. *Conclusion*
Accordingly, we affirm the judgment of the district court.

_____