# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2007

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the Northern |
| | * District of Iowa. |
| Ingmar Eloy Gillon, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: June 15, 2010
Filed: June 18, 2010

_____

Before SMITH, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Ingmar Eloy Gillon was sentenced to 360 months in prison for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and for possessing with intent to distribute a mixture or substance containing cocaine base while on pretrial release, in violation of 18 U.S.C. § 3147(1) and 21 U.S.C. § 841(a)(1). The sentence was allocated as follows: 120 months for the felon-in-possession violation, a 320-month concurrent sentence for the drug violation, and a 40-month consecutive sentence for committing the offense while on pretrial release.

In 2009, the district court[1] applied 18 U.S.C. § 3582(c)(2) and Guidelines Amendment 706 to recalculate Gillon's sentence. The court subtracted two levels from Gillon's total offense level, reduced the Guidelines sentence for his drug violation from 320 months to 284 months (the bottom of the range applicable to the reduced offense level), and left the balance of Gillon's sentence unmodified, for a new total sentence of 324 months. Gillon appeals, and having conducted de novo review, see United States v. Tolliver, 570 F.3d 1062, 1065 (8th Cir. 2009), we affirm.

By sentencing Gillon at the bottom of the reduced Guidelines range, the court gave him the maximum sentencing reduction allowed under Amendment 706 and U.S.S.G. § 1B1.10(b)(1), (c) (in determining reduction under § 3582(c) and policy statement, court shall determine amended Guidelines range that would have been applicable if Amendment 706 had been in effect at time defendant was sentenced), (b)(2)(A) (court shall not reduce term of imprisonment to less than minimum of amended Guidelines range determined under (b)(1)). Gillon argues that United States v. Booker, 543 U.S. 220 (2005), would permit a greater reduction. This argument is foreclosed by our precedent, see United States v. Starks, 551 F.3d 839, 84-43 (8th Cir.) (§ 1B1.10 was not rendered advisory by Booker, which does not apply to § 3582(c)(2) proceedings; § 1B1.10's limitation on sentence-reduction authority is constitutional and enforceable), cert. denied, 129 S. Ct. 2746 (2009), and we reject his argument that Amendment 712 (which pre-existed Starks) somehow "overruled" Starks.

Gillon also argues that his superseding indictment was defective, and he takes issue with various Guidelines calculations that were made at the time of his original sentencing, including the drug-quantity calculation and an obstruction-of-justice enhancement, among other things. Section 3582(c)(2), however, does not provide any

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

basis to raise such sentencing issues.  See United States v. Harris, 574 F.3d 971, 972-73 (8th Cir. 2009) (proceedings under § 3582(c) and § 1B1.10 do not constitute full resentencing and are not do-over of original sentencing).  The same is true as to the challenge to his indictment.

Finally, we reject Gillon's remaining arguments that he has been prejudiced in this matter by not having access to a law library, and that Chief Judge Reade should have recused herself because of her refusal to agree with him that Booker applied and to grant a greater reduction.  See White v. Nat'l Football League, 585 F.3d 1129, 1138 (8th Cir. 2009) (denial of recusal motion reviewed for abuse of discretion).

Accordingly, we affirm the district court's judgment.

_____