# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-1662

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee. | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Carlos Garcia, | * | |
| | * | |
| Appellant. | * | |

———————

Submitted: January 11, 2010
Filed: July 1, 2010

———————

Before SMITH, COLLOTON, Circuit Judges, and KORNMANN,[1] District Judge.

———————

KORNMANN, District Judge.

## I. Introduction.

Carlos Garcia pleaded guilty to distribution of cocaine and was sentenced on June 3, 2005. The presentence investigation report attributed a drug quantity of 100 to 150 grams of cocaine to Garcia, resulting in a base offense level of Level 32. His total offense level was level 31 and, with a criminal history category of V, his

———————

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota, sitting by designation.

guideline range was 168 - 210 months. He was sentenced to 168 months custody, the lowest end of the guideline range.

In November 2007, the Sentencing Commission amended Guidelines § 2D1.1 to reduce the base offense levels for offenses involving crack cocaine (cocaine base). *See* Amendment 706. Effective March 3, 2008, the Sentencing Commission determined that Amendment 706 may be applied retroactively to afford sentencing relief under 18 U.S.C. § 3582(c)(2). *See* Amendment 713, amending the list of covered amendments set forth in § 1B1.10(c).

The new base offense level for 100 to 150 grams of cocaine became level 30. Garcia moved for a reduction of sentence pursuant to 18 U.S.C. §3582(c)(2). The district court[2] granted the motion, reducing Garcia's sentence to 140 months, the lowest end of the reduced guideline range of 140 to 175 months.

Garcia asked the District Court to apply United States v. Booker, 543 U.S. 220, 264, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005), treat the Guidelines as advisory only, and impose a sentence below the guideline range. The district court, relying upon the Eighth Circuit's decision in United States v. Starks, 551 F.3d 839 (8th Cir. 2009), held that it lacked authority to sentence below the amended guideline range.

## II. Discussion.

Garcia contends on appeal that the district court erred in applying the sentencing guidelines as mandatory upon resentencing. Garcia's argument is foreclosed by the United States Supreme Court's decision in Dillon v. United States,

---

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

___ U.S. ___, No. 09-6338, 2010 WL 2400109, at *6 (June 17, 2010), holding that a court acting under section 3582(c)(2) to reduce a crack cocaine sentence is foreclosed from reducing the sentence to a term that is less than the minimum of the amended guideline range unless the original sentence was below the minimum guideline range. In other words, section 3582(c)(2) permits only a sentence reduction, not a resentencing. Dillon confirms that Starks was "good law."

As in the Dillon case, Garcia was sentenced prior to Booker when the district court's authority to sentence a defendant below the guidelines range was limited to departures set forth in USSG Chapter 5K. Following Booker, district courts imposing an original sentence are authorized to vary from the guidelines range based upon the factors set forth in § 3553(a). United States v. Shannon, 414 F.3d 921, 923 (8th Cir. 2005). The Supreme Court has declined in Dillon to extend Booker's reach to resentencings authorized by § 3582(c)(2).

## III. Conclusion.

Accordingly, we affirm the judgment of the district court.

_____