# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 07-1039

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Torris Izell Boyd, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 16, 2007
Filed: November 28, 2007

_____

Before MURPHY, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Torris Izell Boyd pled guilty to one count of distributing, and aiding and abetting the distribution of, cocaine base within 1000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1) and 860, and 18 U.S.C. § 2. The district court[1] sentenced Boyd to 308 months' imprisonment. He appeals the sentence on various grounds, and we affirm.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

On December 13, 2005, Boyd distributed 7.06 grams of cocaine base to a person cooperating with the government. The distribution occurred within 1000 feet of a playground. Three days later, law enforcement officers executed a search warrant at Boyd's residence. The officers seized 79 individually wrapped baggies of cocaine base weighing a total of 53.25 grams. Boyd was charged with three drug trafficking counts, and he eventually pled guilty to one count charging distribution within 1000 feet of a protected location, based on the December 13 incident.

After pleading guilty, Boyd attended a proffer interview with investigators on September 20, 2006, in an effort to provide substantial assistance in the prosecution of other persons and gain a reduction in his sentence. *See* USSG § 5K1.1. According to Boyd, his attorney was not present at the proffer interview, but was available by telephone. During this meeting, Boyd provided detailed information about his drug trafficking activities. The government conveyed this information to the United States Probation Office, and the resulting Presentence Investigation Report ("PSR") recommended that Boyd be held accountable under the advisory sentencing guidelines for 539 grams of cocaine base disclosed during the proffer interview.

At the sentencing hearing, the district court found that Boyd was responsible for a total of 539 grams of cocaine base, based on his admissions during the proffer interview, which encompassed the drugs seized from Boyd during the investigation. The court also increased Boyd's offense level by one level pursuant to USSG § 2D1.2(a)(2), because a portion of his drug trafficking occurred near a protected location. After other adjustments not at issue on appeal, the court arrived at an offense level of 38 and a criminal history category IV, which resulted in a recommended imprisonment range of 324 to 405 months under the advisory guidelines. The government moved to reduce the sentence based on substantial assistance, and the court ultimately imposed a sentence of 308 months' imprisonment.

Boyd's lead argument on appeal is that he was denied effective assistance of counsel when his attorney allowed him to appear at the proffer interview without counsel. This claim, however, was not raised in the district court, and no evidentiary record was developed. Accordingly, the claim of ineffective assistance of counsel is best litigated in a collateral proceedings under 28 U.S.C. § 2255, and we decline to consider it on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006).

Boyd also challenges the district court's finding that he was accountable for 539 grams of cocaine base under the advisory guidelines. He first contends that the court used the wrong standard of proof by applying a preponderance of the evidence standard rather than requiring proof beyond a reasonable doubt. Since *United States v. Booker*, 543 U.S. 220 (2005), however, we have held that judicial fact-finding based upon a preponderance of the evidence standard is permitted so long as the guidelines are applied in an advisory manner. *United States v. Thorpe*, 447 F.3d 565, 569 (8th Cir. 2006).

Boyd next asserts that the district court clearly erred in finding that he was responsible for 539 grams of cocaine base, because the evidence did not establish that the drugs in question were cocaine base rather than powder cocaine, or that the amount involved was 539 grams. We review a district court's findings on drug type and quantity for clear error. *United States v. Williams*, 486 F.3d 377, 383 (8th Cir. 2007); *United States v. Symonds*, 260 F.3d 934, 936 (8th Cir. 2007). The district court's findings here were based on Boyd's admissions during his proffer interview. Boyd now contends that he had an incentive to exaggerate his involvement, in an effort to curry favor with the government, but whether he was truthful and accurate was a credibility question to be resolved by the district court. *United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir. 2005). There is no clear error in the court's decision to find that Boyd's admissions were truthful. It was also not clear error for the district court to find that Boyd reliably estimated during his proffer interview the

quantity and type of drugs with which he had been involved. As the person directly involved in the activity, Boyd was in a position to observe the type and the amounts. The evidence of a controlled transaction and execution of a search warrant showed that Boyd was experienced in trafficking cocaine base, thus giving further reason to deem his assessment reliable. Accordingly, the district court's finding of drug quantity was not clearly erroneous.

Boyd's final argument is that the one-level enhancement for distributing drugs within 1000 feet of a protected location is unconstitutional because it is irrational. This challenge to USSG § 2D1.2(a)(1), which is premised on 21 U.S.C. § 860, is foreclosed by *United States v. Rowe*, 911 F.2d 50, 51-52 (8th Cir. 1990).

The judgment of the district court is affirmed.

_____