# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 11, 2008

Charles R. Fulbruge III
Clerk

No. 08-50403
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TONY O'NEAL JOHNSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-9-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Tony O'Neal Johnson, federal prisoner # 82365-080, was convicted following a guilty plea on three counts of possession with intent to distribute at least five grams of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). He moves to proceed in forma pauperis (IFP) to appeal the district court's order denying his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied Johnson leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith for the reasons stated in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

its order denying relief. By moving for leave to proceed IFP, Johnson is challenging the district court's certification that his appeal was not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir. 1997). The decision whether to reduce a sentence under § 3582(c)(2) is discretionary, and this court reviews the denial of a § 3582 motion for abuse of discretion. United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997).

Johnson based his motion on the United States Sentencing Commission's adoption of Amendment 706, which modified the sentencing ranges applicable to crack cocaine offenses to reduce the disparity between crack cocaine and powder cocaine sentences. See United States Sentencing Commission, Guidelines Manual, Supp. to Appendix C, Amendment 706, p. 226-31 (Nov. 1, 2007) (amending U.S.S.G. § 2D1.1(c)). Johnson argues that in the light of Amendment 706, he was eligible for a reduction in his sentence regardless of his career offender status for purposes of U.S.S.G. § 4B1.1.

As the district court's reasoning suggests, a reduction in Johnson's base offense level under § 2D1.1 pursuant to Amendment 706 would not affect Johnson's guidelines range of imprisonment, which derived from an application of § 4B1.1. Because Johnson's guidelines range of imprisonment was not derived from the quantity of crack cocaine involved in the offense, Johnson was not "sentenced to a term of imprisonment based on a sentencing range that ha[d] subsequently been lowered by the Sentencing Commission." § 3582(c)(2). The district court did not abuse its discretion in denying Johnson's motion for a reduction of sentence. To the extent that Johnson argues that the district court had the discretion to reduce his sentence under § 3582(c)(2) in the light of United

States v. Booker, 543 U.S. 220 (2005), this argument is unavailing because Booker did not involve a retroactive amendment to the Guidelines. See United States v. Shaw, 30 F.3d 26, 29 (5th Cir.1994).

Johnson argues for the first time on appeal that he seeks reduction in his sentence based on Amendment 709 to the Guidelines. Because this argument is raised for the first time on appeal, we decline to consider it. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999)("This court will not consider an issue that a party fails to raise in the district court absent extraordinary circumstances.").

Johnson has not shown that the district court's determination that his appeal would be frivolous was incorrect. Accordingly, his request for IFP is DENIED. See Baugh, 117 F.3d at 202 n.24. Because his appeal is frivolous, it is DISMISSED. 5TH CIR. R. 42.2.