# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2774

_____

United States of America,                       *
                                                 *
            Appellee,                            *
                                                 *   Appeal from the United States
    v.                                           *   District Court for the
                                                 *   District of Nebraska.
                                                 *
Walter Harris, also known as Dion,               *
                                                 *   [PUBLISHED]
            Appellant.                           *

_____

Submitted: January 13, 2009
Filed: February 26, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

    In 2002, Walter Harris was convicted of conspiracy to distribute fifty grams or more of cocaine base, commonly known as "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, the district court[1] found that Harris was responsible for 1.5 kilograms or more of cocaine base, calculated a guideline range of 360 months to life imprisonment under the then-mandatory guidelines, and

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

sentenced Harris to 360 months' imprisonment.[2]  In January 2008, Harris moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 706 to the sentencing guidelines, which was declared retroactive by the Sentencing Commission.  Amendment 706 changed the drug quantity table set forth at USSG § 2D1.1 to  reduce the base offense level for offenses involving cocaine base by two levels.  Harris also sought an evidentiary hearing and oral argument to present evidence in support of a further reduction in his sentence based on 18 U.S.C. § 3553(a).

The district court calculated an amended guideline range of 324 to 405 months under the retroactive amendment and resentenced Harris to 324 months' imprisonment.  The court denied Harris's request for an evidentiary hearing and oral argument, stating that it did not have authority to conduct a full resentencing, and that Harris was "simply entitled to an adjustment of his sentence using the new guideline level."

Harris appeals, arguing that the district court erred in concluding that it did not have authority to reduce his sentence below the amended guideline range, because after *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are only advisory.  Harris's argument is foreclosed by our recent decision in *United States v. Starks*, 551 F.3d 839 (8th Cir. 2009).  In *Starks*, we held that *Booker* did not invalidate the requirement of § 3582(c) that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," and that this limitation posed no constitutional concerns under the Sixth Amendment.  *See Starks*, 551 F.3d at 842-43.  Therefore, the limitations in the applicable policy statement, USSG § 1B1.10, on a district court's authority to reduce a sentence in a proceeding under § 3582(c) are "constitutional and enforceable."  *Id.* at 843.

---

[2]This district court also sentenced Harris to a concurrent 120-month sentence for a conviction under 18 U.S.C. § 922(g)(1).  That aspect of the original sentence is not at issue in this appeal.

Like the defendant in *Starks*, Harris was initially sentenced within the guideline range. The policy statement provides that the district court could not reduce his sentence to "a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). Accordingly, the district court correctly determined that it lacked authority to reduce Harris's sentence to a term of less than 324 months' imprisonment. The court did not err in refusing to consider a further reduction based on § 3553(a) or to hold an evidentiary hearing for that purpose.

For these reasons, the judgment of the district court is affirmed.

BYE, Circuit Judge, concurring in the judgment.

Because I am bound by Circuit precedent, see Drake v. Scott, 812 F.2d 395, 400 (8th Cir. 1987), I reluctantly concur in the judgment. I write separately because I believe this Court erroneously concluded in United States v. Starks, 551 F.3d 839 (8th Cir. 2009), that a district court does not have the authority to reduce a defendant's sentence to a term below the amended guidelines range. See id. at 843. As noted in Starks, there is a circuit split on this issue. Compare United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007) (holding a district court has the authority to reduce a defendant's sentence to a term below the amended guidelines range), with United States v. Rhodes, 549 F.3d 833, 841 (10th Cir. 2008) (holding a district court does not have the authority to reduce a defendant's sentence to a term below the amended guidelines range), United States v. Dunphy, 551 F.3d 247, 255 (4th Cir. 2009) (same), United States v. Melvin, —F.3d —, 2009 WL 236053, at *3 (11th Cir. Feb. 3, 2009) (same), United States v. Cunningham, —F.3d—, 2009 WL 249886, at *6 (7th Cir. Feb. 4, 2009) (same). Unlike the Starks court, I agree with the Ninth Circuit in Hicks.

18 U.S.C. § 3582(c)(2) grants the district court authority to resentence a defendant whose guidelines range has been retroactively lowered "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The "applicable policy statements" are found in the U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10.  Section 1B1.10 makes the amended guidelines range mandatory upon resentencing by restricting the resentencing court's authority to sentence outside of the amended guidelines range.  See U.S.S.G. § 1B1.10(b)(2)(A); id. app. note 3.

As the Hicks court concluded, however, § 1B1.10 cannot restrict a resentencing court's discretion to sentence outside of the amended guidelines range because it is, like all of the guidelines, advisory under Unites States v. Booker, 543 U.S. 220 (2005).  Hicks, 472 F.3d at 1170.  In Booker, the Supreme Court specifically rejected the government's suggestion that the guidelines be considered advisory in certain cases but mandatory in all others.  Id. at 266.  Rather, the Court made clear the prohibition against a mandatory guidelines system applies in all contexts: "[A]s by now should be clear, [a] mandatory system is no longer an open choice."  Id. at 263.  As such, to the extent § 1B1.10 has the effect of making the guidelines mandatory by limiting the district court's ability to sentence outside of the amended guidelines range, Booker established it must be rendered advisory.  Hicks, 472 F.3d at 1173.

In Starks, this Court relied upon the differences between original and resentencing procedures to conclude otherwise.  551 F.3d at 841-42.  This distinction, however, is not persuasive because all of the guidelines are advisory.  See Hicks, 472 F.3d at 1172 ("Mandatory Guidelines no longer exist, in [the resentencing] context or any other.").  Because Booker made clear the guidelines are no longer mandatory in any context, the guidelines should not be mandatory when resentencing a defendant.  The district court thus should not be restricted to resentencing a defendant within the amended guidelines range.

_____