BYE, Circuit Judge,
with whom BRIGHT, Circuit Judge, joins, concurring.
As I noted in my concurrence in the judgment in United States v. Harris, 556 F.3d 887, 889 (8th Cir.2009) (Bye, J., concurring in the judgment), I disagree with the Starks court, and would hold a resen-tencing court has authority to reduce a defendant’s sentence to a term below the amended Guidelines range.
*557 That said, even if the resentencing court had the authority to reduce Hudson’s sentence below the amended Guidelines range, it is unlikely the court would have. As the district court stated:
The court agrees that the defendant is entitled to a two-level reduction in his sentence and will enter a separate Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) containing the new sentence. However, the court disagrees that the defendant is entitled to a further reduction. Without determining whether the court has the authority to conduct a full resentencing, the court determines that a sentence within the guidelines is appropriate and the court is not inclined to further reduce the defendant’s sentence.
Clerk’s R. at 53.