# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2993

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Glenn E. Wagner, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 13, 2009
Filed: May 5, 2009

_____

Before BYE, COLLOTON and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In February 2005, Glenn Wagner pled guilty to conspiracy to distribute fifty grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, the district court[1] found that Wagner was responsible for at least 1.79 kilograms of cocaine base. Based on this finding, the court calculated a base offense level of 38 under the advisory sentencing guidelines.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

After applying a 3-level reduction for acceptance of responsibility, the court determined that Wagner's total offense level was 35. Since Wagner's criminal history placed him in category II, his advisory guideline range was 188 to 235 months. The court sentenced Wagner to 188 months' imprisonment.

In March 2008, Wagner moved for a reduction in his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 706 to the sentencing guidelines. Section 3582(c)(2) authorizes district courts to reduce a defendant's sentence if the defendant's original term of imprisonment was based on a guideline range that was subsequently lowered by an amendment that the Sentencing Commission has made retroactive. Amendment 706, which was made retroactive by Amendment 713, triggered § 3582(c)(2) by reducing the base offense level that applies to the amount of cocaine base for which Wagner was held responsible from 38 to 36. Thus, if Amendment 706 had been in effect at the time Wagner was sentenced, Wagner's total offense level would have been reduced from 35 to 33 and his advisory guideline range would have been 151 to 188 months. Wagner sought a "full evidentiary hearing" in support of a reduction in his sentence to the statutory minimum of 120 months.

The requested hearing was held in August 2008. Wagner testified about the education he has received in prison and the commendable work he has done to assist his fellow prisoners. Wagner's counsel argued that the district court had "full discretion" to impose a new sentence at or above the statutory minimum based on its consideration of the sentencing factors set out in 18 U.S.C. § 3553(a). The Government disputed Wagner's assertion that § 3582(c)(2) authorized a "complete resentencing" and asked the district court to impose a sentence of 151 months, the bottom of the amended guideline range. The district court agreed with Wagner that it "[had] the discretion to sentence outside the guideline range" based on its consideration of the relevant sentencing factors. Nevertheless, the court decided that a downward variance was not warranted and reduced Wagner's sentence to 151 months' imprisonment. Wagner appeals, arguing that the district court had full

discretion to reduce his sentence below the amended guideline range, that the court improperly treated the amended guideline range as the "default sentence," and that his sentence at the bottom of the amended guideline range is greater than necessary to achieve the "federal sentencing goals" enumerated in § 3553(a).

Wagner's arguments are foreclosed by our decision in *United States v. Starks*, 551 F.3d 839 (8th Cir. 2009), *petition for cert. filed*, --- U.S.L.W. --- (U.S. Apr. 13, 2009) (No. 08-9839). *Cf. United States v. Harris*, 556 F.3d 887, 888 (8th Cir. 2009) (per curiam) (holding that the defendant's argument that the district court had authority to reduce his sentence below the amended guideline range was foreclosed by *Starks*). In *Starks*, we noted that § 3582(c)(2) expressly limits the authority of district courts to reduce a defendant's sentence "by requiring that a reduction . . . must be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Starks*, 551 F.3d at 841 (quoting § 3582(c)(2)). We further noted that "[t]he policy statement applicable to sentence reductions based on retroactive amendments by the Sentencing Commission is USSG § 1B1.10." *Id.* Section 1B1.10(b)(2)(A) provides that if a defendant's original term of imprisonment was within the applicable guideline range, then a court may not reduce the defendant's sentence under § 3582(c)(2) to "a term that is less than the minimum of the amended guideline range."[2] The defendant in *Starks* asserted that courts are no longer constrained to follow § 1B1.10 because, after *United States v. Booker*, 543 U.S. 220 (2005), "that policy statement, like all of the guidelines, is merely advisory." *Starks*,

_____

[2]The guidelines provide a limited exception to this rule in cases where the defendant's original term of imprisonment was less than the applicable guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(B) ("If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.").

551 F.3d at 841. We disagreed, holding that *Booker* did not invalidate the limiting provision of § 3582(c)(2), *id.* at 842, and that the restriction on the extent of authorized sentence reductions established in § 1B1.10(b)(2)(A) is thus "constitutional and enforceable," *id.* at 843. *See Harris*, 556 F.3d at 888.

While *Starks* involved a defendant who was initially sentenced under the mandatory sentencing guidelines, we see no reason why our holding is not equally applicable to cases, like this one, in which the defendant was initially sentenced under the advisory sentencing guidelines. With respect to both categories of defendants, the statutory authority to reduce a defendant's sentence is constrained by the limiting provision of § 3582(c)(2) and the restriction on the extent of sentence reductions established in § 1B1.10(b)(2)(A). *See United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) (holding that "section 3582(c)(2) proceedings . . . may not result in a sentence lower than the [defendant's] amended guideline range (unless the defendant's original sentence was lower than the guideline range)" and therefore affirming the reduced sentences of two defendants who were initially sentenced under the advisory sentencing guidelines), *petition for cert. filed*, 77 U.S.L.W. 3544 (U.S. Mar. 16, 2009) (No. 08-1149).

Wagner's original sentence of 188 months' imprisonment was within the advisory guideline range that applied at the time he was sentenced. As a result, § 1B1.10(b)(2)(A) precluded the district court from reducing Wagner's sentence under § 3582(c)(2) to a term that was less than 151 months, the bottom of the amended guideline range. Although the district court mistakenly determined that it had discretionary authority to resentence Wagner to a term of imprisonment below the amended guideline range based on its consideration of the sentencing factors set out in § 3553(a), the court's error turned out to be harmless.

For the foregoing reasons, we affirm Wagner's reduced sentence of 151 months' imprisonment.

BYE, Circuit Judge, concurring.

As I noted in my concurrence in the judgment in United States v. Harris, 556 F.3d 887, 889 (8th Cir. 2009) (Bye, J., concurring in the judgment), I disagree with the Starks court, and would hold a resentencing court has authority to reduce a defendant's sentence to a term below the amended Guidelines range. As such, I believe the district court did not err by believing it had the authority to reduce Wagner's sentence below the amended Guidelines range.

I nonetheless concur because Wagner's sentence, which was within the amended Guidelines range, was not an abuse of discretion. A sentence within the advisory Guidelines range is presumptively reasonable on appeal. Rita v. United States, 127 S.Ct. 2456, 2462 (2007) (holding a court of appeals may apply presumption of reasonableness to sentence that reflects proper application of Guidelines). Wagner seeks to rebut this presumption of reasonableness primarily by arguing the two-level sentencing reduction in crack offenses under Amendment 706 fails to fully address the crack/powder cocaine sentencing disparity. Although arguably true, this Court has held "a district court does not abuse its discretion when it fails to consider the crack/powder sentencing disparity." United States v. Saddler, 538 F.3d 879, 891 (8th Cir. 2008); see also United States v. Roberson, 517 F.3d 990, 995 (8th Cir. 2008) ("We do not believe, though, that [Kimbrough v. United States, 128 S. Ct. 558 (2008),] means that a district court now acts unreasonably, abuses its discretion, or otherwise commits error if it does not consider the crack/powder sentencing disparity."); United States v. Johnson, 517 F.3d 1020, 1024 (8th Cir. 2008) ("Although Kimbrough empowers a district court to consider the disparity between guideline sentences for powder cocaine and crack, it does not require it to do so."). In addition, the record demonstrates the district court considered the § 3553(a) factors and provided sufficient reasons to demonstrate it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." See

Rita, 127 S. Ct. at 2468.  The district court therefore did not abuse its discretion by resentencing Wagner to 151 months imprisonment.

_____