# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-1515

———————

United States of America,

              Appellee,

v.

McArthur Johnvell Higgins, also
known as McArthur Johnville
Higgins, also known as Thug,

              Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\*
\*   [PUBLISHED]
\*
\*
\*

———————

Submitted: October 19, 2009
Filed: October 28, 2009

———————

Before RILEY, HANSEN and GRUENDER, Circuit Judges.

———————

PER CURIAM.


In September 2006, McArthur Johnvell Higgins pled guilty to the charge of conspiracy to distribute and to possess with the intent to distribute fifty grams or more of cocaine base, methamphetamine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) and 846. At sentencing in February 2007, the district court[1] found Higgins responsible for 170.1 grams of cocaine base, 2.5 grams of

---

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

methamphetamine and 907.2 grams of marijuana. The district court calculated a base offense level of 34 under the advisory sentencing guidelines. The court applied a two-level enhancement for possession of a firearm and a three-level reduction for acceptance of responsibility, which resulted in a total offense level of 33. With a criminal history category of II, Higgins's guidelines range was 151 to 188 months' imprisonment. The district court sentenced Higgins to 160 months' imprisonment.

In June 2007, the Government moved for a reduction of Higgins's sentence under Federal Rule of Criminal Procedure 35(b) based on his substantial assistance. The district court granted the motion and reduced Higgins's sentence from 160 months' imprisonment to 100 months' imprisonment, a 38 percent reduction.

In August 2008, Higgins moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G."). Amendment 706 altered the drug quantity table in U.S.S.G. § 2D1.1 to reduce the base offense level for offenses involving cocaine base by two levels. Higgins also requested an evidentiary hearing so that the court could reduce his sentence further in consideration of the factors set out in 18 U.S.C. § 3553(a). The district court calculated an amended total offense level of 31 and an amended guidelines range of 121 to 151 months' imprisonment. Under U.S.S.G. § 1B1.10(b)(2)(B), the court reduced the bottom of the amended guidelines range by 38 percent to reflect the substantial assistance reduction that Higgins had received. Accordingly, the district court reduced Higgins's sentence to 75 months' imprisonment. Neither party challenges this reduction. However, the court denied Higgins's request for an evidentiary hearing and a further reduction, stating that the court did not have the authority to reduce Higgins's sentence further. Higgins appeals.

Section 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*" (Emphasis added.) The Sentencing Commission issued § 1B1.10, entitled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range," as the applicable policy statement. Section 1B1.10(b)(2)(A) provides that in granting a reduction, a court may not reduce the defendant's term of imprisonment below the bottom of the amended guidelines range, except as provided in § 1B1.10(b)(2)(B). In turn, § 1B1.10(b)(2)(B) provides that if the defendant's original term of imprisonment was below the guidelines range applicable at the time of the original sentencing, the district court may, but is not required to, grant a reduction from the amended guidelines range that is comparable to the original reduction. Higgins argues that under *United States v. Booker*, 543 U.S. 220 (2005), the district court had the authority to reduce his sentence further in consideration of the § 3553(a) factors because, like all guidelines provisions, the limitations in § 1B1.10 are now advisory.

This court addressed a similar argument in *United States v. Starks*, 551 F.3d 839 (8th Cir. 2009), *cert. denied*, 556 U.S. ---, 129 S. Ct. 2746 (2009). In *Starks*, we held that *Booker* did not invalidate the requirement of § 3582(c) that a sentence reduction must be consistent with applicable policy statements issued by the Sentencing Commission. *Id.* at 842. We also found that proceedings under § 3582(c) do not constitute a full resentencing of the defendant. *Id.* at 843. Therefore, Starks was not entitled to a further reduction based on the § 3553(a) factors because § 1B1.10(b)(2)(A) bars a district court from reducing the sentence of a defendant below the bottom of the amended guidelines range, unless the defendant's original sentence was below the guidelines range applicable at the time of the original sentencing. *Id.* The district court originally sentenced Starks within the applicable guidelines range.

*Id.* at 840.  Thus, we concluded that Starks was not entitled to either an evidentiary hearing or a further reduction based on the § 3553(a) factors.  *Id.* at 843.

Although *Starks* involved an original sentence within the guidelines range, the reasoning in *Starks* compels the same result here.  As we found in *Starks*, a district court must follow the applicable policy statements in granting a reduction under § 3582(c)(2).  *Id.* at 842.  Section 1B1.10(b)(2)(B), the policy statement applicable to Higgins, limits any reduction below the amended guidelines range to an amount that is comparable to the reduction from the original guidelines range.  Section 1B1.10(b)(2)(B) does not authorize a further reduction based on the factors set out in § 3553(a).  Accordingly, the district court lacked authority to grant a further reduction to Higgins based on the § 3553(a) factors and consequently did not err in refusing to hold an evidentiary hearing.

For the foregoing reasons, we affirm Higgins's reduced sentence of 75 months' imprisonment.

_____