# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1043

_____

United States of America,　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　*　Eastern District of Missouri.
Isaac Hall,　　　　　　　　　　*
　　　　　　　　　　　　　　　　*　　　[UNPUBLISHED]
　　　　　　Appellant.　　　　　*

_____

Submitted: September 25, 2009
Filed: November 25, 2009

_____

Before MURPHY, BRIGHT, and RILEY, Circuit Judges.

_____

PER CURIAM.

In 2006, Isaac Hall (Hall) pled guilty to knowingly and intentionally distributing five grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Hall was originally sentenced to 84 months imprisonment, the bottom of his range of 84 to 105 months under the then applicable United States Sentencing Guidelines (Guidelines). Hall moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the

Guidelines. The district court[1] granted Hall's motion and recalculated Hall's range to 70 to 87 months and sentenced Hall to 70 months imprisonment.

On appeal, Hall argues the district court erred in concluding it lacked authority to reduce his sentence to the statutory minimum of 60 months. Hall concedes his argument is contrary to our ruling in United States v. Starks, 551 F.3d 839, 843 (8th Cir.) (holding district courts lack authority to sentence below the recalculated Guidelines range when resentencing pursuant to § 3582(c)(2) based on the retroactive change in the crack cocaine Guidelines), cert. denied, 129 S. Ct. 2746 (2009).[2] We are

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

[2]This court has reaffirmed Starks several times since Starks was decided in January 2009. See United States v. Higgins, __ F.3d __, No. 09-1515, 2009 WL 3448172 (8th Cir. Oct. 28, 2009) (holding in § 3582(c) proceedings district courts lack authority to reduce a sentence below the bottom of the amended guidelines range unless the defendant's original sentence was below the guidelines range applicable at the time of the original sentencing and only to a comparable reduction without any further reduction using the factors in 18 U.S.C. § 3553(a)); United States v. Murphy, 578 F.3d 719, 720-21 (8th Cir. 2009) (same), petition for cert. filed, __ U.S.L.W. __ (U.S. Oct. 27, 2009) (No. 09-7269); United States v. Brown, 565 F.3d 1093, 1094 (8th Cir.) (same), cert. denied, __ S. Ct. __, 2009 WL 3198198 (U.S. Nov. 2, 2009) (No. 09-6859); United States v. Wagner, 563 F.3d 680, 681-82 (8th Cir.) (same), cert. denied, __ S. Ct. __, 2009 WL 2496347 (U.S. Oct. 5, 2009) (No. 09-5824); United States v. Clark, 563 F.3d 722, 724 (8th Cir. 2009) (same); United States v. Harris, 556 F.3d 887, 888 (8th Cir.) (per curiam) (same), cert. denied, __ S. Ct. __, 2009 WL 1559814 (U.S. Oct. 5, 2009) (No. 08-10701).

The majority of other circuits reach a similar conclusion. See e.g., United States v. Cunningham, 554 F.3d 703 (7th Cir.), cert. denied, 129 S. Ct. 2840 (2009); United States v. Melvin, 556 F.3d 1190 (11th Cir.), cert. denied, 129 S. Ct. 2382 (2009); United States v. Dunphy, 551 F.3d 247 (4th Cir.), cert. denied, 129 S. Ct. 2401 (2009); United States v. Rhodes, 549 F.3d 833 (10th Cir. 2008), cert. denied, 129 S. Ct. 2052 (2009); United States v. Johnson, 292 F. App'x 352 (5th Cir. 2008). But see

bound by circuit precedent to affirm the district court's decision in this case.  See United States v. Betcher, 534 F.3d 820, 823-24 (8th Cir. 2008).

Accordingly, we affirm.

_____

United States v. Hicks, 472 F.3d 1167, 1168 (9th Cir. 2007).