# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-1268

———————

United States of America,

        Appellee,

    v.

Carlton Ivory,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the District of
\*  Nebraska.
\*
\*  [UNPUBLISHED]
\*

———————

Submitted: June 14, 2010
Filed: July 29, 2010

———————

Before BYE, CLEVENGER,[1] and COLLOTON, Circuit Judges,

———————

PER CURIAM.

After being charged with and pleading guilty to possession with intent to distribute both cocaine base (crack cocaine) and cocaine, Carlton Ivory was sentenced to 121 months imprisonment under United States Sentencing Guidelines Manual (U.S.S.G.) § 2D1.1. On October 6, 2009, Ivory filed a motion for a sentence reduction

———————

[1]The Honorable Raymond C. Clevenger, III, Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

under 18 U.S.C. § 3582(c)(2). The district court[2] granted a two-level reduction and resentenced him to 100 months imprisonment, the bottom of the amended guideline range. Ivory appeals arguing the use of the two-level reduction violates the ex post facto clause and the district court improperly limited its resentencing authority under § 3582(c)(2). We affirm.

On September 7, 2006, Ivory was sentenced to 121 months' imprisonment under U.S.S.G. § 2D1.1. The Sentencing Commission changed the calculation used to determine the base offense for a defendant convicted of distributing both crack cocaine and one or more other controlled substances under Amendment 706 on November 1, 2007. This Amendment became retroactive on March 3, 2008, pursuant to Amendment 713. The Sentencing Commission amended the Guidelines again on May 1, 2008, to address anomalies in the new calculation. See United States v. Sipple, 544 F. Supp. 2d 859, 860-61 (D. Minn. 2008). The new Amendment, Amendment 715, created a uniform two-level reduction and replaced Amendment 706. Ivory argued the district court should re-sentence him under Amendment 706, which would have reduced his sentence to eighty-four months, instead of Amendment 715, which reduced his sentence to 100 months. The district court applied Amendment 715.

Ivory argues the use of Amendment 715 to determine his sentence reduction, as opposed to Amendment 706, violates the ex post facto clause of the United States Constitution, which states "[n]o ex post facto Law shall be passed." U.S. Const. Art. I, § 9. Ivory's sentence was reduced from 121 months to 100 months and the application of Amendment 715 created a lesser punishment than that imposed when he was originally sentenced. Therefore, because Ivory's sentence was not increased by the later amendments, there is no ex post facto violation.

---

[2]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

Ivory also argues the district court had the authority to reduce his sentence below the amended guideline range pursuant to United States v. Booker, 543 U.S. 220 (2005). We have already considered this issue and decided "neither the Sixth Amendment nor Booker prevents Congress from incorporating a guideline provision as a means of defining and *limiting* a district court's authority to reduce a sentence under § 3582(c)." United States v. Starks, 551 F.3d 839, 842 (8th Cir. 2009) (emphasis added). The district court's authority to "reduce a defendant's sentence is constrained by the limiting provisions of § 3582(c)(2) and the restrictions established in § 1B1.10(b)(2)(A)." United States v. Wagner, 563 F.3d 680, 682 (8th Cir. 2009); but cf. id. at 682-83. The Supreme Court recently agreed with this analysis. Dillon v. United States, No. 09-6338, at *5-8 (U.S. June 17, 2010). The applicable policy statement under U.S.S.G. § 1B1.10(b)(2)(A) states a defendant's term of imprisonment cannot be less than the minimum of the amended guideline range. Ivory's amended guideline range was 100-125 months. The district court properly applied Amendment 715 by limiting its reduction of Ivory's sentence to 100 months imprisonment.

Ivory's claim that resentencing under the limitations of 18 U.S.C. § 3582(c)(2) produced a "greater than necessary" punishment under 18 U.S.C. § 3553(a) is without merit. Ivory was sentenced to the minimum of the amended guideline range (100 months) after the two-level reduction. As we decided in Starks, the district court was required to re-sentence Ivory within the amended guideline range. 551 F.3d at 842-43. The district court had no discretion to give a lower sentence than that granted to Ivory.

Accordingly, we affirm.

_____