# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 15-2097

———————————————————

United States of America

*Plaintiff - Appellee*

v.

Torris Izell Boyd

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

——————————

Submitted: April 11, 2016
Filed: July 5, 2016

——————————

Before COLLOTON, ARNOLD, and SHEPHERD, Circuit Judges.

——————————

SHEPHERD, Circuit Judge.

On July 31, 2006, Torris Izell Boyd pled guilty to distribution of cocaine base near a playground in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860 as well as 18 U.S.C. § 2. At sentencing, the district court[1] calculated a total offense

———————————

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

level of 38 along with a category IV criminal history. The guideline range equated to 324-405 months, but the district court imposed a below-guidelines sentence of 308 months' imprisonment pursuant to United State Sentencing Guideline ("U.S.S.G.") § 5K1.1. We affirmed Boyd's conviction and sentence on November 28, 2007. United States v. Boyd, 256 F. App'x 890 (8th Cir. 2007) (per curiam) (unpublished). In 2008, the district court retroactively applied two amendments to the Guidelines, Amendment 706 and Amendment 715[2], and exercised its discretion to grant Boyd a reduction in his sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. Boyd's sentence was ultimately reduced to 279 months. The district court again examined Boyd's sentence in 2013 to determine whether a sentence reduction pursuant to Amendment 750[3] was warranted. The district court denied Boyd's motion to reduce his sentence but advised that if Boyd improved his disciplinary record and availed himself of educational courses within the prison system over the next three years, he could move the court for a sentence reduction at that time.

Amendment 782 became effective November 1, 2014, and retroactively reduced most drug quantity base offense levels by two levels. United States v. Thomas, 775 F.3d 982, 982-83 (8th Cir. 2014) (per curiam). Based on his conviction and sentence, Boyd was eligible for an Amendment 782 reduction. The district court held a hearing on April 28, 2015 pursuant to its own motion under § 3582(c)(2) to determine whether a reduction in Boyd's sentence in accordance with Amendment 782 was justified. The district court noted Boyd's extensive criminal history and

---

[2]Amendment 706 reduced the base offense level for offenses involving cocaine base by two levels. United States v. Higgins, 584 F.3d 770, 771 (8th Cir. 2009). In 2008, Amendment 715 replaced Amendment 706 and created a uniform two-level reduction for the same offenses. United States v. Ivory, 388 F. App'x 567, 568 (8th Cir. 2010) (per curiam) (unpublished).

[3]Amendment 750 reduced the offense levels listed in U.S.S.G. § 2D1.1 for certain crack-cocaine offenses. United States v. Harris, 688 F.3d 950, 952 (8th Cir. 2012).

record of misconduct while incarcerated, which included over thirty disciplinary violations. Emphasizing the nature and seriousness of the danger to a person or the community that may be posed by a reduction in Boyd's term of imprisonment, the district court considered the 18 U.S.C. § 3553(a) factors, as well as the provisions and commentary of U.S.S.G. § 1B1.10, and determined that in light of the defendant's criminal history and extensive record of post-sentencing misconduct, a further reduction was not justified.

Boyd timely appealed the district court's denial of the § 3582(c)(2) motion. We review the district court's decision on a retroactive sentence reduction under § 3582(c)(2) for an abuse of discretion. United States v. Anderson, 707 F.3d 973, 974 (8th Cir. 2013) (per curiam). Boyd argues the district court abused its discretion by failing to recognize that his prior criminal history and recidivism were fully accounted for in his original sentence and that his prison disciplinary violations were adequately addressed through the prison disciplinary system, including a substantial loss of credit for good time.

"A district court may reduce a previously imposed prison term if the defendant's sentence was 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" Thomas, 775 F.3d at 982 (quoting 18 U.S.C. § 3582(c)(2)). The plain language of § 3582(c)(2) allows a district court wide latitude, stating that "the court *may* reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." (emphasis added). Even where a defendant is eligible for a sentence reduction, the "doubly discretionary" language of § 3582(c)(2) does not entitle a defendant to a reduced sentence. United States v. Long, 757 F.3d 762, 764 (8th Cir. 2014) (quoting United States v. Johnson, 703 F.3d 464, 470 (8th Cir. 2013)). In fact, "[f]ar from creating a substantive right to a modification,

-3-

'§ 3582(c)(2) represents a congressional act of *lenity*.'" Johnson, 703 F.3d at 469 (emphasis added) (quoting Dillon v. United States, 560 U.S. 817, 828 (2010)).

Under U.S.S.G. § 1B1.10(b)(1), a district court "shall substitute" the amended Guidelines range for the initial range and "shall leave all other guideline application decisions unaffected." The Application Notes for U.S.S.G. § 1B1.10 advise the district court to consider the § 3553(a) factors, "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." U.S.S.G. § 1B1.10 cmt. n. 1(B).

We note that Boyd's criminal history contained a second-degree murder conviction among multiple other offenses committed as both a juvenile and an adult. His record of misconduct while incarcerated for his current conviction includes thirty acts that required administrative sanctions, including fights, introduction of drugs/alcohol, possession of a dangerous weapon, assault, property destruction, and sexual activity. Given the district court's explicit statement regarding its consideration of the § 3553(a) factors, the nature and seriousness of the danger to other persons or the community that a reduction in Boyd's sentence may pose, and Boyd's post-sentencing conduct, we are satisfied that the district court adequately weighed the appropriate factors in its decision to deny a sentence reduction. The length of Boyd's post-sentencing misconduct report demonstrates both his failure to improve his behavior as well as the seriousness of the danger posed to the community by a further reduction in his sentence. Boyd's loss of good time credit as a result of his behavior is of no consequence to the district court's sentence reduction decision. Our review of Boyd's sentence reveals no abuse of the district court's wide discretion.

Accordingly, we affirm the district court's denial of the 18 U.S.C. § 3582(c)(2) motion to reduce Boyd's sentence pursuant to Amendment 782.

_____