# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2978

_____

United States of America

*Plaintiff - Appellee*

v.

Eleazar P. Meneses

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: April 12, 2016
Filed: July 14, 2016
[Unpublished]

_____

Before GRUENDER and KELLY, Circuit Judges, and ERICKSEN,[1] District
Judge.

_____

PER CURIAM.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District
of Minnesota, sitting by designation.

Eleazar Meneses appeals the district court's[2] denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court concluded that it lacked authority to reduce his sentence because Meneses's below-guidelines-range sentence was not the result of a substantial-assistance motion by the Government. We affirm.

In 2013, Meneses pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. Meneses previously had cooperated with state prosecutors, but while serving his sentence for a prior state conviction, federal prosecutors sought Meneses's assistance in a drug-trafficking investigation. Meneses requested an attorney and ultimately declined to assist the federal prosecutors. As a result of Meneses's failure to cooperate with federal law enforcement, the Government chose not to submit a substantial-assistance motion at Meneses's sentencing hearing. The Presentence Investigation Report ("PSR") calculated an advisory guidelines range of 121 to 151 months. The district court varied downward to 87 months' imprisonment, citing prior cooperation with the government and previous time served for a state conviction.

After Meneses's conviction, the Sentencing Commission amended the Guidelines to reduce by two levels the base offense level assigned to each quantity of methamphetamine. *See* USSG supp. to app. C., amend. 782 (effective Nov. 1, 2014). Meneses filed a motion, pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence from 87 months to 66 months. The district court denied the motion, concluding that it lacked authority to reduce Meneses's sentence because his sentence was already below the amended guidelines range.

---

[2]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

Meneses argues that the district court erred by denying his motion because the court misapplied the guidelines when it concluded that a sentence reduction was not permitted under the statute. We review *de novo* the district court's determination that it lacked authority to reduce Meneses's sentence. *See United States v. Browne*, 698 F.3d 1042, 1045 (8th Cir. 2012).

Generally, "'[a] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)) (second alteration in original). However, § 3582(c)(2) provides a limited exception to the general rule:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added). The question, then, is whether a reduction is consistent with the Sentencing Commission's policy statements. If not, the district court is not authorized to reduce Meneses's sentence. *See Dillon*, 560 U.S. at 827; *United States v. Starks*, 551 F.3d 839, 842-43 (8th Cir. 2009).

The policy statements applicable here are contained in USSG § 1B1.10. *See United States v. Higgins*, 584 F.3d 770, 772 (8th Cir. 2009). Under § 1B1.10(b)(2), a district court cannot reduce a defendant's sentence to a term that is less than the minimum of the amended guidelines range unless (1) the initial sentence imposed was below the guidelines range applicable at the time of sentencing, and (2) the initial, below-guidelines-range sentence was imposed "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." § 1B1.10(b)(2)(B).

Here, Meneses's sentence of 87 months' imprisonment is below his amended guidelines range of 100 to 125 months, and Meneses concedes that the Government did not submit a substantial-assistance motion during his sentencing. Thus, a reduction here is inconsistent with § 1B1.10(b)(2) and therefore is unauthorized under 18 U.S.C. § 3582(c)(2). *See United States v. Hogan*, 722 F.3d 55, 62 (1st Cir. 2013) (collecting cases); *cf. United States v. Anderson*, 686 F.3d 585, 589-91 (8th Cir. 2012) (rejecting statutory and constitutional challenges to § 1B1.10(b)(2)(B)'s substantial-assistance requirement).

Meneses nonetheless argues that his cooperation with law enforcement warrants a reduction here. Meneses notes that the Government agreed to a plea deal that gave the district court the ability to impose a below-guidelines-range sentence instead of seeking a mandatory-minimum sentence of 10 years.[3] He claims that the Government offered this favorable plea deal because of the substantial assistance that he provided. According to Meneses, the plea deal thus amounted to a "de facto" government motion to reduce his sentence based on his substantial assistance because he could not have received his below-guidelines-range sentence but for the plea deal. Meneses relies on *Hartford Underwriters Insurance Company v. Union Planters Bank* to argue that enforcing the plain language of § 1B1.10(b)(2) would lead to an absurd result because he cooperated with law enforcement and therefore should be entitled to the same reduction as a defendant who received a substantial-assistance motion from the Government. 530 U.S. 1, 6 (2000) (noting that courts must enforce

---

[3]Specifically, the Government initially charged Meneses with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, which carried a mandatory-minimum sentence of 10 years' imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(A)(viii), 846. However, under the plea agreement, Meneses pleaded guilty to conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, which carried a mandatory-minimum sentence of 5 years' imprisonment. *See id.* §§ 841(b)(1)(B)(viii), 846.

the plain language of statutes "where the disposition required by the text is not absurd").

Meneses's argument fails.  The record contains no evidence that he provided "substantial assistance" to the Government.  Meneses cites to a statement made by the district court at his initial sentencing hearing in which the court imposed a sentence below the guidelines range because of Meneses's "prior cooperation with the government" and "the time that [he] ha[d] served as a result of the [state] conviction." Contrary to his claims, neither the Government nor the district court ever concluded that his limited prior cooperation with state law enforcement amounted to "substantial assistance."  Indeed, the Government requested a sentence within the guidelines range.  We thus reject Meneses's argument that we should ignore § 1B1.10(b)(2)'s government-motion requirement because his plea deal amounted to a "de facto" motion from the Government acknowledging his substantial assistance to law enforcement.

For the foregoing reasons, we affirm.

_____