# United States Court of Appeals
### For the Eighth Circuit
_____

No. 24-2161
_____

United States of America

*Plaintiff - Appellee*

v.

Lacey Bernard Guyton, Jr., also known as Bug

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: September 15, 2025
Filed: November 14, 2025
[Unpublished]
_____

Before SMITH, ARNOLD, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

On October 17, 2020, officers executed a search warrant in Bismarck, North Dakota, following a multi-agency investigation into a drug trafficking ring operating between Michigan and North Dakota. The search revealed over 3,400 fentanyl pills. After this discovery, and relying on information from confidential informants, officers identified Lacey Bernard Guyton Jr. as a ringleader in the criminal scheme.

The government charged Guyton by superseding indictment with one count of conspiracy to distribute and possess with intent to distribute controlled substances (Count One), and one count of possession with intent to distribute 40 grams or more of fentanyl (Count Two). Pursuant to an amended plea agreement, Guyton pleaded guilty to Count Two of the superseding indictment; the government reserved its right to argue for an upward variance seeking 120 months' imprisonment.

The district court[1] sentenced Guyton on May 15, 2023, and adopted the presentence report (PSR) in full. The PSR calculated Guyton's offense level as 25, with a criminal history category of I, because Guyton had no prior criminal history points. As a result, the advisory Guidelines directed a range of 60 to 71 months' imprisonment, with a mandatory minimum of 60 months' imprisonment.

At sentencing, the government requested the upward variance. The government asserted that the Guidelines sentence contemplated only the seizure of the 3,400 pills. The record evidence, however, demonstrated that Guyton sold far more. The government argued that with only 239 pills more, the total count would reach the 400-gram threshold required to carry a 120-month mandatory minimum. The district court adopted the government's rationale and imposed the requested 120-month term. Guyton did not appeal his sentence.

On January 16, 2024, pursuant to the retroactive application of Part B of Amendment 821 to the United States Sentencing Guidelines, Guyton filed a motion to reduce sentence. The government agreed that Guyton met the eligibility criteria but opposed the motion based on the nature and extent of Guyton's crimes. The district court, relying on the 18 U.S.C. § 3553(a) factors, denied the motion. Guyton subsequently filed a motion to reconsider, which the district court also denied. This appeal followed.

---

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

Guyton argues that the district court abused its discretion in denying his motion to reduce sentence. We review a defendant's eligibility for a sentence reduction de novo, *United States v. Logan*, 710 F.3d 856, 857 (8th Cir. 2013), and the decision to grant or deny an authorized reduction for abuse of discretion, *United States v. Boyd*, 835 F.3d 791, 792 (8th Cir. 2016).

Courts apply a two-step inquiry when considering a motion to reduce sentence under 18 U.S.C. § 3581(c). *Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the district court determines the inmate's eligibility for a sentence modification. *Id*. Second, the district court considers the applicable § 3553(a) factors to determine whether the facts of the case warrant an authorized reduction. *Id.*

The parties do not dispute that the district court properly addressed step one. Guyton disputes the court's decision at step two. Although defendants may qualify for reductions in sentences, "§ 3582(c)(2) does not create a right to it." *United States v. Hernandez-Marfil*, 825 F.3d 410, 412 (8th Cir. 2016) (per curiam). Instead, "[t]he district court has discretion to determine whether a reduction is warranted." *Id.*

"[A] district court need not give lengthy explanations of the § 3553(a) factors or categorically rehearse the relevant factors in a § 3582 proceeding." *United States v. Burrell*, 622 F.3d 961, 964 (8th Cir. 2010) (citation modified). Rather, "it simply must be clear from the record that the district court actually considered the § 3553(a) factors." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation modified). Here, the record demonstrates that the district court properly considered the applicable § 3553(a) factors. Guyton argues that the district court placed too much weight on the nature of the offense and not enough on his history and characteristics. The district court, however, explicitly stated its consideration of the various factors and took note of Guyton's role in the distribution scheme. It additionally discussed his lack of criminal history, his characteristics, and his post-sentencing conduct.

"A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Watson*, 480 F.3d 1175, 1177 (8th Cir. 2007). The district court did not abuse its discretion when weighing the statutory factors. Guyton fails to point to any factor that should have received significant weight but did not. Additionally, he identifies neither an irrelevant factor erroneously considered nor a clear error of judgment.

Here, the district court explicitly invoked § 3553(a), both at the original sentencing and in its denial of the motion for sentence reduction. The district court highlighted the substantial quantities of extremely deadly drugs at issue. Guyton emphasizes his limited criminal history and post-offense rehabilitation efforts, but the district court exercised its discretion to weigh all these factors and did so consistent with precedent. *See Boyd*, 835 F.3d at 792.

Accordingly, we affirm the district court's denial of Guyton's motion to reduce sentence.

_____