# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1684

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Dale G. Lucas, Jr., | * | **[UNPUBLISHED]** |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 11, 2010
Filed:  January 25, 2010

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

_____

PER CURIAM.

In 2006, Dale G. Lucas, Jr., pleaded guilty to possessing with intent to distribute crack cocaine. The district court determined an advisory guidelines sentencing range of 130-162 months and sentenced Lucas to 130 months in prison. After the Sentencing Commission reduced by two levels the offense level applicable to crack cocaine offenses in Amendments 706, 711, and 713 to the Guidelines, Lucas moved for modification of his sentence under 18 U.S.C. § 3582(c)(2). The district court[1] granted a two-level reduction, reducing the advisory range to 110-137 months, and re-

_____

[1] The HONORABLE ORTRIE D. SMITH, United States District Judge for the Western District of Missouri.

sentenced Lucas to 110 months in prison. The court noted: "The maximum adjustment permitted is 2 levels, so the Court cannot grant the Defendant's request for a greater reduction."

Lucas appeals, arguing that the district court erred when it considered the Guidelines mandatory in applying § 3582(c)(2) and the policy statements in U.S.S.G. § 1B1.10. This argument is foreclosed by our decision in United States v. Starks, 551 F.3d 839, 842 (8th Cir.), cert. denied, 129 S. Ct. 2746 (2009), that "neither the Sixth Amendment nor [United States v. Booker, 543 U.S. 220 (2005),] prevents Congress from incorporating a guideline provision as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." The district court correctly applied 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10(b)(2)(A) as construed in Starks, which is binding on our panel. We reject Lucas's contention that Spears v. United States, 129 S. Ct. 840 (2009) -- a decision that did not mention § 3582(c)(2) -- permits us to revisit the decision of another panel in Starks.[2] Accordingly, we must affirm.

_____

_____

[2] We note that nearly every other circuit agrees with our decision in Starks. See, e.g., United States v. Dillon, 572 F.3d 146, 148-50 (3d Cir.), cert. granted, --- S. Ct. ----, 2009 WL 2899562 (Dec. 7, 2009).